**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| CHRISTINE CRAWFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation, <br><br> Defendants. | Case No.: 1:20-cv-05132 <br><br> Hon. Judge Steven C. Seeger |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Plaintiffs and Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "McDonald's," together with Plaintiffs, the "Parties"), through their respective counsel, and pursuant to the Court's Orders of September 1 and November 19, 2020 (Dkts. 7, 35), have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2) and (f)(3); Fed. R. Civ. P. 16(b). The Parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

      **A.      Attorneys of Record**

Counsel for Plaintiffs are James L. Ferraro (lead), Daryl Parks (co-lead), Janpaul Portal, and Natalia Salas of The Ferraro Law Firm, P.A., Miami, Florida, and William R. Fahey of Cooney & Conway, PC. Counsel for Defendants are Patricia Brown Holmes (co-lead), Amy C. Andrews, Raymond D. Rushing, Ariel Shepard, and Andrew Wu of Riley Safer Holmes & Cancila, LLP, and

Loretta E. Lynch (co-lead), Susana M. Buergel, and Karen R. King of Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York.

### B.     Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 28 U.S.C. § 1367(a).

### C.     Case Overview

Plaintiffs are a group of seventy-seven former Black McDonald's franchisees who owned and operated McDonald's restaurants during varying time periods and in varying locations across the country.  Plaintiffs allege that Defendants engaged in a custom and practice of racial discrimination against them by, among other things, steering them to older and underperforming restaurant locations, inducing them to purchase these restaurants with misleading financial representations and omissions, excluding them from growth opportunities, and imposing unfair renovation and rebuild requirements and unequal grading and inspection standards.

Defendants categorically deny Plaintiffs' allegations and on December 21, 2020, filed a Motion to Dismiss Plaintiffs' Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). (Dkts. 38, 39.)

### D.     Claims Asserted

Plaintiffs filed an Amended Complaint on November 16, 2020 (Dkt. 30), asserting three claims against McDonald's: intentional racial discrimination in violation of 42 U.S.C. 1981 (Count I); Breach of Contract (Count II); and Fraudulent Omission (Count III).  Pending resolution of their Motion to Dismiss, Defendants have not yet filed an Answer, Affirmative Defenses or Counter-Claims to Plaintiffs' Amended Complaint; however, Defendants deny liability for any of the claims in the Amended Complaint, and anticipate raising numerous Affirmative Defenses, including, but not limited to, estoppel, waiver, release and satisfaction, material breach by Plaintiffs of their Franchise

Agreements, laches, lack of standing, failure to join proper parties, failure to state a claim, and statute of limitations.

### E. Principal Factual Issues

The principal factual issues concern whether Defendants engaged in intentional racial discrimination, breach of contract, and/or committed fraud by, including, but not limited to, racial steering to substandard locations, denial of growth opportunities, unreasonable reinvestment requirements, and targeted inspections. In addition, factual issues exist regarding each Plaintiff's individual franchise, including the dates upon which their franchise agreements were signed and terminated, the identity of the parties to those franchise agreements, whether Plaintiffs were in material breach of those agreements during their time as McDonald's franchisees, and whether Plaintiffs released some or all of their claims either during their time in or upon exit from the McDonald's System.

### F. Principal Legal Issues

The principal legal issues are whether Plaintiffs have pled cognizable claims, and include: (a) whether Plaintiffs sufficiently pled facts plausibly showing discriminatory intent; (b) whether Plaintiffs sufficiently pled facts plausibly showing that race was the but-for cause of the challenged actions; (c) whether Plaintiffs' claims are time-barred under the applicable statutes of limitations; (d) whether Plaintiffs can state a claim for breach of contract; and/or (e) whether Plaintiffs can state a claim for fraudulent omission, including whether Plaintiffs have sufficiently pled particularized facts as required by Fed. R. Civ. P. 9(b). In addition, there are legal issues relating to: (a) the standing of each Plaintiff to pursue the claims asserted in the complaint, either due to release of some or all of their claims, or because of a failure to join the proper party-in-interest; and (b) whether Plaintiffs' claims are properly joined.

### G. Relief Sought

Plaintiffs seek compensatory damages, punitive damages, reasonable attorneys' fees, expert fees, costs, and an award of pre-judgment and post-judgment interest, to be determined at trial. Plaintiffs estimate that they collectively owned and operated more than three hundred (300) McDonald's restaurants, and seek compensatory damages averaging between four million dollars ($4,000,000.00) and five million dollars ($5,000,000.00) per restaurant. Plaintiffs' estimates for compensatory damages are based on estimates of lost profits, loss of investment value, lost business opportunities, and accumulation of unnecessary debt. Finally, Plaintiffs allege they suffered emotional distress, humiliation, damage to professional reputations, and to future business prospects.

### H. Status of Service

All named Defendants have been served.

## II. Discovery

Given the large number of Plaintiffs and the expansiveness of Plaintiffs' claims, Defendants do not believe that discovery is appropriate until the pleadings are settled, including but not limited to, through resolution of Defendants' pending Motion to Dismiss the Amended Complaint. Plaintiffs maintain that the pending Motion to Dismiss should not operate as a stay on merits (fact) discovery. The Parties have conferred regarding this issue but have been unable to reach resolution. Accordingly, McDonald's intends to promptly file a motion for stay of discovery.

Nevertheless, in the event that the Court orders the Parties to proceed with discovery at this time, and in order to comply with the Court's Order directing the Parties to prepare a Joint Status Report that includes a Rule 26(f) discovery plan, the Parties propose the following schedule:

4

A.     **Proposed Discovery Schedule.**

| Event | Deadline |
|---|---|
| Initial Disclosures | February 22, 2021 |
| Amendment to the pleadings | (2 months before close of fact discovery) January 31, 2022 |
| Completion of Fact Discovery | March 31, 2022 |
| Disclosure of Plaintiffs' Expert Report(s) | (One month after the close of fact discovery) April 30, 2022 |
| Deposition of Plaintiffs' Expert(s) | June 30, 2022 |
| Disclosure of Defendants' Expert Report(s) | August 1, 2022 |
| Deposition of Defendants' Expert(s) | September 1, 2022 |
| Dispositive Motions | (One month after the close of expert discovery) October 3, 2022 |

B.     **Depositions.**  Prior to ruling on Defendants' Motion to Dismiss and the exchange of Rule 26(a)(1) disclosures, the exact number of depositions is not known; however, the Parties currently anticipate that there will be a need for fifteen (15) fact witness depositions per side, excluding the named Plaintiffs, Rule 30(b)(6) witnesses, and Plaintiffs' and Defendants' experts.  The Parties currently anticipate that there will be a need for two (2) to four (4) expert depositions.

C.     **Special Issues.**  The Parties do not currently foresee any special issues with respect to discovery, but reserve their rights to seek modification of any scheduling order entered by the Court with respect to the planning and sequencing of discovery, including with respect to the claims of the individual Plaintiffs.

D.     **Discovery Planning (Fed. R. Civ. P. 26(f)(3)).**  The Parties conducted a Rule 26(f) conference on October 27 and November 12, 2020.  Pursuant to Rule 26(f)(3), the Parties discussed a discovery plan on the six enumerated topics.  As noted above, the Parties disagree on whether

discovery should be stayed pending resolution of Defendants' Motion to Dismiss; however, if the

Court determines that discovery at this time is proper, the Parties propose the following schedule:

    a.    The Parties will exchange Rule 26(a) Initial Disclosures on February 22, 2021.

    b.    Discovery will be conducted in phases as follows:

        (1)    <u>Phase 1 – Initial Written Discovery:  April 1, 2021 – August 31, 2021</u>

Subsequent to the exchange of Rule 26(a)(1) Initial Disclosures, the Parties may engage in Initial Written Discovery pursuant to Rules 33 and 34.  The number of interrogatories shall be governed by Rule 33(a).  The Parties will supplement disclosures and responses to interrogatories, request for production, or request for admission in a timely manner in accordance with Rule 26(e).  The Parties further agree that this Phase I restriction on written discovery shall not limit nor preclude any of the Parties from conducting further written discovery, including Rule 36 Requests to Admit, through the fact discovery deadline of March 31, 2022.

        (2)    <u>Phase 2 – Fact Witness Depositions: September 1, 2021 – March 31, 2022</u>

The duration of each deposition shall be limited to one day of seven hours pursuant to Rule 30(d), absent a showing of good cause.  Given the number of Plaintiffs, non-party witnesses, and the Defendants' employee and/or designated corporate representative witnesses, the Parties stipulate to expand the Rule 30 limitation of ten (10) depositions per side to fifteen (15) depositions, not inclusive of Plaintiffs, 30(b)(6) witnesses, and experts.

        (3)    <u>Phase 3 – Expert Discovery: April 1, 2022 – September 30, 2022</u>

The Parties shall conduct expert discovery as set forth in the Agreed Proposed Discovery Schedule in Section III.A., *supra*.

    c.    The Parties anticipate that they will engage in ESI discovery, and have agreed that all such ESI discovery will be conducted pursuant to a to-be agreed Joint ESI Protocol approved by the Court.

    d.    The Parties discussed the need for a confidentiality order, approved by the Court, to protect certain personally identifiable and sensitive financial information for Plaintiffs and commercial information for Defendants, and provide for procedures to address the inadvertent production of privileged information.

    e.    *See* II. B., *supra* regarding the number of depositions.  All other discovery, including interrogatories, requests for production, and requests for admission, shall comply with the Federal Rules of Civil Procedure.

    f.    No other orders pursuant to Rules 16(b) and 26(e) are anticipated at this time.

If discovery is stayed pending resolution of Defendants' Motion to Dismiss, the Parties will adjust

the foregoing dates as necessary to reflect the accurate commencement of the discovery period.

## III.    Trial

A.    **Jury Demand.**  Plaintiffs have demanded a jury trial.

B.    **Length of Trial.**  Plaintiffs anticipate that a trial in this matter will last 6 to 8 weeks, which may change depending on the number of Plaintiffs at issue.  Prior to the Court's resolution of Defendants' Motion to Dismiss the Amended Complaint, Defendants are unable to estimate the length of trial of the claims of the individual Plaintiffs, if any, that may be deemed actionable.

## IV.    Settlement, Referrals, and Consent

A.    **Settlement Discussions.**  The Parties engaged in informal settlement discussions and participated in pre-suit mediation on July 30, 2020, before the Honorable David H. Coar, in Chicago, Illinois.

B.    **Settlement Conference.**  The Parties reached an impasse at the pre-suit mediation and do not believe a settlement conference would be productive at this time.

C.    **Consent to Magistrate.**  The Parties do not unanimously consent to proceed before the Magistrate Judge.

## V.    Other

If the Court determines that, due to the nature of this case and the issues presented in this Joint Status Report, an initial status hearing and/or case management conference pursuant to Rule 16(b) would be beneficial, the Parties are willing to participate remotely and do not object to appearing for such status conference through the Court's mobile video teleconferencing system.

Dated: January 19, 2021

Respectfully submitted,

/s/James L. Ferraro

James L. Ferraro, Esq.
Daryl D. Parks, Esq.
Janpaul Portal, Esq.
Natalia Salas, Esq.
THE FERRARO LAW FIRM, P.A.
Brickell World Plaza
600 Brickell Avenue, 38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222
jlf@ferrarolaw.com
ddp@ferrarolaw.com
jpp@ferrarolaw.com
nms@ferrarolaw.com

William R. Fahey, Esq.
COONEY & CONWAY, PC
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 236-6166
bfahey@cooneyconway.com

*Counsel for Plaintiffs*

s/Patricia B. Holmes

Patricia Brown Holmes
Amy Curtner Andrews
Raymond D. Rushing
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
aandrews@rhsc-law.com
rrushing@rhsc-law.com

Ariel Schepers Wilson
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington Street, Suite 402
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

Andrew Jason Wu (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, CA  94104
(415) 275-8550
awu@rshc-law.com

Loretta E. Lynch (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
Karen King (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(202) 373-3000
lelynch@paulweiss.com
sbuergel@paulweiss.com
kking@paulweiss.com

*Counsel for Defendants*

8