UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE CRAWFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation, <br><br> Defendants. | Case No.: 1:20-cv-05132 <br><br> Hon. Steven C. Seeger |

## DEFENDANTS' SUBMISSION PURSUANT TO NOVEMBER 15, 2022 MINUTE ENTRY

Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants"), by their attorneys, hereby file this submission pursuant to the Court's November 15, 2022 Minute Entry and in response to the Plaintiffs' Joint Statement Pursuant to November 15, 2022 Minute Entry ("Joint Statement"). In support of this submission, Defendants state as follows:

**Procedural Background**

1.  On September 28, 2022, this Court dismissed Plaintiffs' Amended Complaint in its entirety, without prejudice. ECF No. 63.

2.  On October 14, 2022, all 77 individual Plaintiffs and their counsel of record, the Ferraro Law Firm, P.A. ("Ferraro"), filed an unopposed motion for extension of time to file a Second Amended Complaint (ECF No. 66), which was granted by the Court on October 18, 2022 (ECF No. 67).

3. On October 27, 2022, all 77 individual Plaintiffs once again filed an unopposed second motion for extension of time to file a Second Amended Complaint. ECF No. 69. The Court granted Plaintiffs' motion on November 1, 2022, ordering that Plaintiffs file their Second Amended Complaint by November 18, 2022. ECF No. 70.

4. On November 11, 2022, only 7 days before Plaintiffs' deadline to file a Second Amended Complaint, the law firm Loevy & Loevy ("Loevy") filed a Motion for Substitution of Counsel, seeking leave for certain Loevy attorneys to appear on behalf of certain Plaintiffs. ECF No. 71. That motion also stated that "if Loevy & Loevy is given leave to appear on behalf of the Crawford Plaintiffs, [they] anticipate asking this Court for 28 additional days to file a Second Amended Complaint." *Id.* at ¶ 4. Counsel of record for McDonald's was not contacted prior to the filing of the Motion for Substitution of Counsel.

5. Also on November 11, 2022, after the Motion for Substitution of Counsel was filed, Ferraro filed Plaintiffs' Emergency Motion for a Status Conference on behalf of all 77 Plaintiffs. ECF No. 72. Counsel of record for McDonald's was not contacted prior to the filing of the Emergency Motion for Status Conference.

6. On November 14, 2022, Loevy and the Plaintiffs who filed the Motion for Substitution of Counsel filed a Motion for Leave to Respond to Motion for Emergency Hearing. ECF No. 73. The Motion for Leave to Respond to Motion for Emergency Hearing restated the request for "28 additional days" or "two additional weeks (or less time, if necessary)" to file a Second Amended Complaint because "the interests of justice do favor a modest extension of time"

for new counsel "to get up to speed." *Id.* at ¶¶ 7-8.[1] Counsel of record for McDonald's was not contacted prior to the filing of the Motion for Leave to Respond to Motion for Emergency Hearing.

7. This request for an extension was the ***third*** request for an extension of time by the Plaintiffs. It also contradicted their second extension request, which stated that "Plaintiffs will not request any further extensions of time to file [the Second Amended Complaint]." ECF No. 66, ¶ 7.

8. On November 15, 2022, the Court ordered Loevy and Ferraro to file a "joint statement about the future direction of the case." ECF No. 74. The Court also extended the deadline for Plaintiffs to file a Second Amended Complaint to December 16, 2022. *Id.* Finally, the Court invited Defendants to "weigh in" on the direction of the case and the joint statement by December 2, 2022. *Id.*

9. Plaintiffs filed the Joint Statement on November 30, 2022. ECF No. 76. The Joint Statement stated that Ferraro currently represents 29 of the Plaintiffs (the "Ferraro Plaintiffs") and that Loevy currently represents 48 of the Plaintiffs (the "Loevy Plaintiffs"). *Id.* It also set forth that the Plaintiffs do not "seek to represent a putative class of former McDonald's franchisees"

---

[1] Notably, Loevy also stated in the Motion for Leave to Respond to Motion for Emergency Hearing that "[h]aving reviewed the facts and issues, we strongly believe in the merits of the claims. . . ." Id. at ¶ 3. However, of the 48 plaintiffs currently represented by Loevy, 25 of the Plaintiffs exited the McDonald's system prior to the start of the 4-year statute of limitations for § 1981 claims and 40 exited the system prior to the start of the 2-year statute of limitations for § 1981 claims. *See generally* ECF 39-1; ECF 39 at 8-12. Thus, to the extent any timely claims exist at all, for at least 25 of the Loevy Plaintiffs, those claims are limited to breach of contract and fraud claims—claims which this Court has already dismissed on one occasion for failing to state viable claims. Furthermore, at least 9 of the Loevy Plaintiffs fall into the category of individuals who exited the McDonald's System prior to the start of the relevant limitations periods for any of their asserted claims (and thus, those Loevy Plaintiffs have no timely claims at all and should be dismissed from the case), and at least 30 exited the system within 2 years of the start of the relevant limitations periods (and thus, any timely claims would be limited to that short period of time). *See id.* Indeed, when the Court granted McDonald's motion to dismiss the Amended Complaint, the Court noted that the claims of certain Plaintiffs appeared to be untimely, and cautioned counsel for Plaintiffs to take that issue into account should it choose to proceed with filing a new complaint. September 28, 2022 Transcript of Proceedings Before the Honorable Steven C. Seeger at 20-24, 30-31.

and proposed that the Loevy Plaintiffs "be severed, and assigned a separate case number," but that the two cases remain consolidated for discovery purposes. *Id.* Finally, the Joint Statement stated that the Plaintiffs would be willing to participate in a settlement conference with Magistrate Judge Valdez. *Id.*

10. Defendants respond to the Court's November 15, 2022 Minute Entry, the Joint Statement, and the issues raised therein as follows:

**<u>Settlement Conference with Magistrate Judge Valdez and Amended Pleadings</u>**

11. Defendants do not oppose the referral of this case to Magistrate Judge Valdez for a settlement conference, provided it does not result in the delay of the filing of any Second Amended Complaint by either the Ferraro Plaintiffs or the Loevy Plaintiffs beyond December 16, 2022. As it appears that at least some of the Plaintiffs may now be represented by new counsel and that there is a possibility of multiple amended complaints being filed, Defendants need to understand what theories, facts, and claims will be alleged by which Plaintiffs in their amended pleadings in order to meaningfully participate in settlement discussions. This is especially true given the statute of limitations issues that many—if not most—of the Plaintiffs face, which will be significant in the settlement evaluation of the case. *See supra* n.1; *see also* September 28, 2022 Transcript of Proceedings Before the Honorable Steven C. Seeger at 23 ("If you amend the complaint, if it seems inevitable that it's going to be a loser on statute of limitations grounds, I'd encourage you to think it over and make sure that you want to go forward.").

12. Defendants propose that, after any Second Amended Complaints are filed on December 16, 2022, the parties and the Court wait to set a briefing schedule for any motions related to the Second Amended Complaints until the parties have engaged in settlement negotiations, whether through referral to Magistrate Judge Valdez or other agreed upon means. Alternatively,

if the Court would prefer not to wait to set a briefing schedule, McDonald's requests that the Court provide Defendants with 90 days to file any motions related to the Second Amended Complaints to not only account for the potential filing of multiple amended pleadings and motions, but also to provide sufficient time for the parties to engage in settlement negotiations.

13. While neither set of Plaintiffs requested an extension of time to file a Second Amended Complaint beyond December 16, 2022 in the Joint Statement, should they do so, Defendants intend to object. Plaintiffs have now requested three extensions of time to file a Second Amended Complaint and did not confer with Defendants as to whether their request for a third extension of time was opposed, despite this Court's requirement that "[a] party seeking an extension of time must contact all other parties to determine if the motion is opposed," including "(1) the reason for the request; (2) the number of previous extensions; and (3) whether the motion is opposed and if so, on what grounds." (Judge Steven C. Seeger Case Procedures, Motions & Memoranda of Law.)

14. Defendants also object to any extension of the deadline for any Second Amended Complaint beyond December 16, 2022 because the Plaintiffs have not articulated—let alone established—good cause as they are required to do. *See* FRCP 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time."). The Court dismissed the Amended Complaint on September 28, 2022, and has already granted two extension motions. Further, the decision by some of the Plaintiffs to retain new counsel does not constitute such good cause, as they had almost two months after the Court dismissed the Amended Complaint to consider obtaining new counsel.

15. As the Court has now extended the deadline for filing a Second Amended Complaint on three occasions, all Plaintiffs have had ample time to prepare amended pleadings in

an effort to address the deficiencies identified in the Court's Order granting Defendants' motion to dismiss. Given the length of time this matter has already been pending, any further extensions of time would cause undue prejudice and delay to Defendants and the Court. *See Spears v. Indianapolis*, 74 F.3d 153 (7th Cir. 1996) (denying motion for extension of time pursuant to FRCP 6(b)(1) after plaintiff was granted multiple extensions, "waited until the last minute to get his materials together;" and "called his second extension his 'final' one," making it "incumbent upon him to be particularly diligent in ensuring that the [second extension and 'final'] deadline was met"); *Goodland v. Kessler Tank Co.*, No. 4:13-cv-82-PPS-JEM, 2016 WL 1584061, at *2 (N.D. Ind. Apr. 19, 2016) (denying plaintiff's motion for an extension of time and holding that plaintiff continues "to ignore and downplay the prejudice identified by Defendant and the Court," including that "litigation would be delayed" and "adding time and expense to Defendant's case").

**Plaintiffs' Class Action Position and Severance**

16. In the Joint Statement, the Plaintiffs stated that they "do not seek to represent a putative class of former McDonald's franchisees" because they "have individual injuries and claims against McDonald's, as well as individual engagement agreements." ECF No. 76. Instead, Plaintiffs propose that after any Second Amended Complaints are filed, the Loevy Plaintiffs should "be severed and assigned a separate case number." *Id.*

17. While McDonald's does not agree that the case should be severed into two cases, as Plaintiffs propose, McDonald's does not oppose severance in general at the appropriate time as Plaintiffs have now confirmed that they do not intend to seek to proceed on behalf of a class and recognize that each Plaintiff has allegedly suffered "individual injuries" and has "individual … claims against McDonald's." *Id.* at 2. However, McDonald's maintains that there should be no severance of the Plaintiffs' claims at this stage of the case. Given the large number of Plaintiffs

and the expansiveness of Plaintiffs' claims, until the pleadings are settled (including but not limited to, through resolution of McDonald's anticipated motion to dismiss any Second Amended Complaint and other motion practice to address any remaining statute of limitations issues), there should be no severance of the Plaintiffs' claims before the pleading issues have been resolved. Further, the Court's prior order staying all discovery should remain in effect. ECF No. 45; *see also* Joint Initial Status Report, ECF No. 43.

18. Once the pleadings are settled, however, McDonald's agrees that the remaining claims of each individual Plaintiff (if any remain) should be severed pursuant to Rules 20(a) and 21 of the Federal Rules of Civil Procedure, and McDonald's will so move at that time. Plaintiffs' claims involve numerous independently owned restaurants operating in different states, during different time periods, implicating separate decision makers, and with distinct injury and damages claims. Thus, severance is appropriate for each Plaintiff pursuant to FRCP 20(a) and 21. *See, e.g.*, *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 695 (N.D. Ill. 2009) (severing plaintiffs' claims because "each individual Plaintiff was subject to different decisions, at different times, in different locations, and, presumably, in different contexts"); *Byers v. Ill. State Police*, No. 99 C 8015, 2000 WL 1808558, at *5 (N.D. Ill. Dec. 6, 2000) ("[P]laintiffs' claims involved individualized circumstances and did not constitute one logical transaction or occurrence for purposes of Rule 20(a).").[2]

---

[2] Plaintiffs' proposal to sever the case into two cases, with 48 of the Plaintiffs proceeding in one case and 29 proceeding in the other, has no logical basis under FRCP 20(a) or FRCP 21. There is no relationship between the 48 Loevy Plaintiffs or the 29 Ferraro Plaintiffs other than the fact that they have different legal representation, which is not a reason for joining otherwise unrelated plaintiffs under the Federal rules. Proceeding under two lawsuits, each with dozens of unrelated Plaintiffs, would greatly prejudice Defendants, result in extra costs and time for the parties and courts, and risk jury confusion, to name just a few of the potential issues. The most efficient approach is to allow this Court to determine which Plaintiffs, if any, have stated viable claims, and then allow those claims—and only those claims—to be severed into individual proceedings.

WHEREFORE, Defendants appreciate the opportunity by the Court to weigh in on these issues. Defendants are happy to provide any additional information or take any additional steps that would be helpful in this process and as the Court deems appropriate.

| | |
|---|---|
| Dated: December 2, 2022 | /s/Amy Andrews |
| Patricia Brown Holmes<br>Amy C. Andrews<br>RILEY SAFER HOLMES & CANCILA LLP<br>70 W. Madison Street, Suite 2900<br>Chicago, Illinois 60602<br>(312) 471-8700<br>pholmes@rshc-law.com<br>aandrews@rshc-law.com<br><br>Ariel Schepers Wilson<br>RILEY SAFER HOLMES & CANCILA LLP<br>121 W. Washington Street, Suite 402<br>Ann Arbor, Michigan 48104<br>(734) 773-4900<br>awilson@rshc-law.com | Loretta E. Lynch (*pro hac vice*)<br>Susanna M. Buergel (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>(202) 373-3000<br>lelynch@paulweiss.com<br>sbuergel@paulweiss.com |

*Counsel for McDonald's USA, LLC and McDonald's Corporation*