**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE CRAWFORD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No.: 1:20-cv-05132<br><br>Hon. Judge Steven C. Seeger |

**DEFENDANTS' PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' SECOND AMENDED COMPLAINTS**

Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants"), by and through their attorneys, respectfully submit this partially unopposed motion for an extension of time to answer or otherwise plead in response to the Second Amended Complaint filed by the 48 Plaintiffs represented by Loevy & Loevy ("Loevy SAC") and the Second Amended Complaint filed by the 31 Plaintiffs represented by the Ferraro Law Firm ("Ferraro SAC"). In support thereof, Defendants state as follows:

1. On August 31, 2020, 52 of the Plaintiffs filed the initial Complaint, asserting four causes of action: Count I, intentional discrimination pursuant to 42 U.S.C. § 1981; Count II, bad faith breach of contract; Count III, fraudulent representation and omission; and Count IV, punitive damages. (Dkt. 1.)

2. Due to the number of Plaintiffs, the nature of their allegations, and the complexity of their claims, on September 17, 2020, Defendants' counsel requested an extension of time in

which to respond to the Complaint and for an increase in page limits for Defendants' Rule 12(b) motion (Dkt. 22), which the Court granted (Dkt. 23).

3. On October 23, 2020, Defendants moved pursuant to Rule 12(b)(6) to dismiss the Complaint in its entirety. (Dkts. 23, 24.)

4. On November 16, 2020, Plaintiffs filed an Amended Complaint, adding 28 new Plaintiffs, removing 3 Plaintiffs, and asserting three causes of action: Count I, intentional discrimination pursuant to 42 U.S.C. § 1981; Count II, breach of contract; and Count III, fraudulent omission. (Dkt. 30.)

5. Due to the number of Plaintiffs, the nature of their allegations, and the complexity of their claims, on November 17, 2020, Defendants' counsel requested an extension of time in which to respond to the Amended Complaint and for an increase in page limits for Defendants' Rule 12(b) motion (Dkt. 31), which the Court granted (Dkt. 35).

6. On December 21, 2020, Defendants moved pursuant to Rule 12(b)(6) to dismiss the Amended Complaint in its entirety. (Dkts. 38, 39.)

7. On September 28, 2022, this Court granted Defendants' motion, and dismissed Plaintiffs' Amended Complaint in its entirety, without prejudice. (Dkt. 63.)

8. On October 14, 2022, 77 of the Plaintiffs filed an unopposed motion for extension of time to file a Second Amended Complaint (Dkt. 66), which was granted by the Court on October 18, 2022 (Dkt. 67).

9. On October 27, 2022, 77 of the Plaintiffs filed an unopposed second motion for extension of time to file a Second Amended Complaint. (Dkt. 69.) The Court granted Plaintiffs' motion on November 1, 2022, ordering that Plaintiffs file their Second Amended Complaint by November 18, 2022. (Dkt. 70.)

10. On November 15, 2022, the Court extended the deadline for Plaintiffs to file a Second Amended Complaint to December 16, 2022 "to take some pressure off the situation" regarding the recently filed motion for substitution of counsel and motion for an emergency hearing even though "the Court has moved that deadline a few times already." (Dkt. 74.)

11. Plaintiffs filed a Joint Statement on November 30, 2022. (Dkt. 76.) The Joint Statement stated that the Plaintiffs would be filing two separate second amended complaints. (*Id.*)

12. On December 2, 2022, Defendants filed their Submission Pursuant to November 15, 2022 Minute Entry. (Dkt. 77.)

13. On December 16, 2022, 48 of the Plaintiffs filed the Loevy SAC, asserting 10 causes of action on behalf of 48 Plaintiffs (each of whom was named in the Amended Complaint): Count I, intentional race discrimination in contracting pursuant to 42 U.S.C. § 1981; Count II, intentional race discrimination in contracting, pattern or practice pursuant to 42 U.S.C. § 1981; Count III, intentional race discrimination in contracting, retaliation pursuant to 42 U.S.C. § 1981; Count IV, intentional race discrimination in the leasing of property pursuant to 42 U.S.C. § 1982; Count V, intentional race discrimination in the leasing of property, pattern or practice pursuant to 42 U.S.C. § 1982; Count VI, intentional race discrimination in the leasing of property, retaliation pursuant to 42 U.S.C. § 1982; Count VII, breach of contract; Count VIII, fraudulent omission; Count IX, tortious interference with business relationships; and Count X, unjust enrichment. (Dkt. 78.) The Loevy SAC is 836 paragraphs in length. (*Id.*)

14. On December 16, 2022, 31 of the Plaintiffs filed the Ferraro SAC, adding 3 new Plaintiffs, removing 1 Plaintiff, and asserting 3 causes of action: Count I, intentional discrimination pursuant to 42 U.S.C. § 1981; Count II, intentional discrimination pursuant to 42 U.S.C. § 1982;

and Count III, fraudulent concealment. (Dkt. 79.) The Ferraro SAC is 716 paragraphs in length. (*Id.*)

15. Pursuant to Fed. R. Civ. 15(a)(3), Defendants are to answer or otherwise respond to the Second Amended Complaints within fourteen (14) days, by December 30, 2022.

16. Defendants currently anticipate that they will file motions to dismiss the Loevy SAC and the Ferraro SAC pursuant to Fed. R. Civ. P. 12(b).

17. Given the addition of new claims, Plaintiffs, allegations, and other amendments made by Plaintiffs in the Loevy SAC and Ferraro SAC, Defendants believe it is necessary and appropriate to extend the deadline for Defendants to answer or otherwise plead in response to the two pleadings.

18. As Defendants suggested in Defendant's Submission Pursuant to November 15, 2022 Minute Entry, "Defendants propose that, after any Second Amended Complaints are filed on December 16, 2022, the parties and the Court wait to set a briefing schedule for any motions related to the Second Amended Complaints." (Dkt. 77.)

19. Defendants further requested "that the Court provide Defendants with 90 days to file any motions related to the Second Amended Complaints to not only account for the potential filing of multiple amended pleadings and motions, but also to provide sufficient time for the parties to engage in settlement negotiations." (*Id.*)

20. Defendants' counsel has conferred with the Ferraro Plaintiffs' counsel and they do not oppose either the 90-day requested extension of time for Defendants to respond to the Loevy SAC and the Ferraro SAC, or the deferral of setting a briefing schedule for any anticipated motion to dismiss while the parties participate in a mediation.

21. Defendants' counsel also conferred with the Loevy Plaintiffs' counsel, who state that they "do not oppose a reasonable extension of time," but object to a 90-day extension.[1]

WHEREFORE, Defendants respectfully request that the Court enter an Order deferring the setting of a briefing schedule for any motions related to the Loevy SAC and Ferraro SAC and provide Defendants with 90 days to file any such motions whenever that briefing schedule is set.

---

[1] The Loevy Plaintiffs' counsel further maintains that if a 90-day extension is granted, discovery should not remain stayed. The Loevy Plaintiffs have not filed a motion for relief from the stay, however, to the extent that their objection is construed as such, Defendants do not agree. The Court's January 21, 2021 Order (Dkt. 45) staying all discovery stated that "[i]n light of the number of plaintiffs, the anticipated scope of discovery, and the enormity of the requested damages, it makes sense to assess the viability of the complaint before proceeding headlong into discovery. Discovery surely would be burdensome and expensive, so the sufficiency of the complaint must come first." The Court's reasoning is equally, if not more so, applicable at this time: Plaintiffs' Amended Complaint was dismissed in its entirety (Dkt. 63); Plaintiffs have retained a second law firm and split into two separate groups; and Plaintiffs have filed two separate Second Amended Complaints (Dkts. 78, 79), adding new parties and new legal claims. Additionally, Defendants intend to move for severance should their motion to dismiss be denied, which is another reason that discovery should remain stayed. Granting Plaintiffs discovery at this juncture would be treating this case as a class, which plaintiffs have conceded is not the case here

| | |
|---|---|
| Dated: December 28, 2022 | Respectfully submitted, |
| | /s/ *Amy C. Andrews* |
| | Patricia Brown Holmes<br>Amy Curtner Andrews<br>RILEY SAFER HOLMES & CANCILA LLP<br>70 W. Madison Street, Suite 2900<br>Chicago, Illinois 60602<br>(312) 471-8700<br>pholmes@rshc-law.com<br>aandrews@rhsc-law.com |
| | Ariel Schepers Wilson<br>RILEY SAFER HOLMES & CANCILA LLP<br>121 W. Washington Street, Suite 402<br>Ann Arbor, MI 48104<br>(734) 773-4914<br>awilson@rshc-law.com |
| | Loretta E. Lynch (*pro hac vice*)<br>Susanna M. Buergel (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>(202) 373-3000<br>lelynch@paulweiss.com<br>sbuergel@paulweiss.com |
| | *Counsel for McDonald's USA, LLC and McDonald's Corporation* |