**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RALPH KING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation, <br><br> Defendants. | Case No.: 1:20-cv-05132 <br><br> Hon. Judge Steven C. Seeger |

## JOINT STATUS REPORT PURSUANT TO FEBRUARY 27, 2023 MINUTE ENTRY

Plaintiffs and Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants" or "McDonald's," together with Plaintiffs, the "Parties"), through their respective counsel, and pursuant to the Court's February 27, 2023 Minute Entry [Dckt. No. 91], jointly submit the following status report:

1.      As an initial matter, the Parties have now confirmed and agreed upon the exit dates from the McDonald's franchise system for all of the Plaintiffs.

2.      On March 10, 2023, counsel for Plaintiffs served a supplemental spreadsheet that identifies the exact date each particular Plaintiff left the McDonald's franchise system. (*See* Plaintiffs' Spreadsheet, attached hereto as **Exhibit A**.)

3.      On March 15, 2023, counsel for McDonald's served an updated spreadsheet and produced an internal report supporting Plaintiffs' exit dates in its spreadsheet. (*See* Defendants' Spreadsheet, attached hereto as **Exhibit B**.) In its cover letter, counsel for McDonald's confirmed that the Parties did not dispute the exit dates for the *King* Plaintiffs. McDonald's advised Plaintiffs that

they were prepared to meet and confer regarding the statute of limitations project and asked for availability for such discussions.

4.      On March 24, 2023, McDonald's followed up to ask for Plaintiffs' availability to meet and confer. The same day, the *King* Plaintiffs responded to ask McDonald's what topics Defendants' counsel proposed discussing with respect to the *King* Plaintiffs given that there was no longer any disagreement over those dates that were previously in dispute. Defendants' counsel replied to nevertheless propose a meet and confer to attempt to narrow the case to timely claims, as Defendants believe the Court directed in its January 11, 2023 and February 27, 2023 Orders.

5.      On March 27, 2023, counsel for the *Manning* Plaintiffs responded to advise that they were going to respond with their position as to the exit dates by March 29, 2023, pursuant to the Court's Orders, and further restated their position that Plaintiffs' exit dates are not dispositive of any limitations issues in light of the equitable tolling and continuing violation doctrines.

6.      On April 3, 2023, counsel for the *King* Plaintiffs joined in the *Manning* Plaintiffs' position that Plaintiffs' exit dates are not dispositive of any statute of limitations issues at the pleadings stage. Given Plaintiffs' position, and the lack of any dispute as to the *King* Plaintiffs' exit dates, counsel for the *King* Plaintiffs asked whether McDonald's still believed that a meet and confer was needed and, if McDonald's so believed, the *King* Plaintiffs' asked McDonald's to provide availability for any such meet and confer in advance of filing the spreadsheets on April 5, 2023.

7.      Given the Parties' disagreement as to whether the agreed upon exit dates from the McDonald's franchise system are dispositive of any statute of limitations issues, whether such issues are ripe for resolution at the motion to dismiss stage prior to discovery, and whether fraudulent concealment, equitable tolling, and the continuing violation doctrine apply or have been adequately alleged by Plaintiffs, no further discussions regarding the impact of the statute of limitations issues

have been held. Thus, other than the above, the Parties have not engaged in any substantive discussions regarding the statute of limitations issues presented by the claims asserted by Plaintiffs.

8.      The Parties are willing to provide any other information the Court would find helpful and follow any further instructions from the Court regarding the statute of limitations project, including, but not limited to, early summary judgment motions (as discussed in the Court's February 27, 2023 Order).

Dated: April 5, 2023

Respectfully submitted,

*/s/ James L. Ferraro*

James L. Ferraro
Daryl D. Parks
Natalia M. Salas
Angelica L. Novick
THE FERRARO LAW FIRM, P.A.
Brickell World Plaza
600 Brickell Avenue, 38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222
jferraro@ferrarolaw.com
dparks@ferrarolaw.com
nsalas@ferrarolaw.com
anovick@ferrarolaw.com

William R. Fahey, Esq.
COONEY & CONWAY, PC
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 236-6166
bfahey@cooneyconway.com

*Counsel for Plaintiffs*

*/s/ Patricia Brown Holmes*

Patricia Brown Holmes
Amy Curtner Andrews
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
pholmes@rshc-law.com
aandrews@rhsc-law.com

Ariel Schepers Wilson
RILEY SAFER HOLMES & CANCILA LLP
121 W. Washington Street, Suite 402
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

Loretta E. Lynch (*pro hac vice*)
Susanna M. Buergel (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(202) 373-3000
lelynch@paulweiss.com
sbuergel@paulweiss.com

*Counsel for Defendants*

3