# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RALPH KING, et al.,

       Plaintiffs,

    v.

MCDONALD'S USA, LLC, a Delaware
limited liability company, and
MCDONALD'S CORPORATION, a
Delaware corporation,

       Defendants.

Case No.: 1:20-cv-05132

Hon. Judge Steven C. Seeger

## PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY AND MEMORANDUM OF LAW

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT..........................................................................................................................3

      I.        The Court Has Discretion to Lift the Stay of Discovery .........................................3

            A.      Maintaining the Stay Will Continue to Unduly Prejudice and
                    Tactically Disadvantage Plaintiffs .................................................................4

            B.      Maintaining the Stay Will Not Simplify the Issues in Question,
                    But Instead Will Continue to Delay the Clarification of those Issues .........5

            C.      Maintaining the Stay Only Exacerbates the Eventual Burden
                 of this Litigation on Both the Parties and the Court ...................................6

CONCLUSION........................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Dickson v. Chicago Allied Warehouses, Inc.,*
    *Case No. 90 C 6161, 1993 WL 362450 (N.D. Ill. Sept. 15, 1993)* ...............................................3

*Hayes v. Board of Education for City of Chicago,*
    *Case No. 21 C 1198, 2021 WL 8153761 (N.D. Ill. Dec. 22, 2021)* ....................................3, 4, 5

*New England Carpenters Health and Welfare Fund v. Abbott Labs.,*
    *Case No. 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013)* ...............................................3

*Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.,*
    *1999 WL 731773 (N.D. Ill. Aug. 31, 1999)* ...................................................................................3

*SK Hand Tool Corp. v. Dresser Indus., Inc.,*
    *852 F.2d 936 (7th Cir. 1998)* ........................................................................................................3

*Tamburo v. Dworkin*,
No. 04 C 3317, 2010 WL 4867346 (N.D. Ill. Nov. 17, 2010) ...........................................................6

*Witz v. Great Lakes Educational Services, Inc.*,
    2020 WL 8254382 (N.D. Ill. July 30, 2020)................................................................................5, 6

**FEDERAL STATUTES**

42 U.S.C. § 1981 .................................................................................................................................1

42 U.S.C. § 1982 .................................................................................................................................1

**FEDERAL RULES**

Fed. R. Civ. P. 26(c) ..........................................................................................................................4

Plaintiffs, by and through undersigned counsel, respectfully submit this Motion to Lift the Discovery Stay in this case, and in support thereof state as follows:

## INTRODUCTION

Plaintiffs, who are former McDonald's franchisees, filed this lawsuit more than four years ago on August 31, 2020. Despite the Court's acknowledgement in its Case Procedures of the general rule that "[t[he pendency of a motion, such as a motion to dismiss, does not operate as a stay of discovery," the Court stayed discovery on its own accord after McDonald's filed its motion to dismiss Plaintiffs' Amended Complaint in December of 2020. The Court ruled on McDonald's motion to dismiss the amended complaint on September 28, 2022. Since that ruling, Plaintiffs filed their Second Amended Complaint that more than meets the pleading requirements for each of their respective claims in this action: (1) Violation of 42 U.S.C. § 1981 (Count I for race discrimination in contracting); (2) Violation of 42 U.S.C. § 1982 (Count II for race discrimination in the sale or lease of property); and (3) fraudulent concealment.

McDonald's Motion to Dismiss the Second Amended Complaint has now been fully ripe and pending decision since July 14, 2023. In the more than four years since this case was filed, at least one Plaintiff has passed away, as other witnesses also surely have. Memory only fades with time, and Plaintiffs and witnesses only continue to grow older. Time is of the essence. It is time for the stay of discovery in this case to be lifted. Plaintiffs now respectfully request that the Court do just that for the reasons discussed more fully below.

## BACKGROUND

Plaintiffs initiated this lawsuit on August 31, 2020, on behalf of an initial group of former McDonald's franchisees who alleged racial discrimination in violation of Section 1981 and several state law claims. [Doc. No. 1]. On November 16, 2020, Plaintiffs filed an Amended Complaint

to add 15 additional former McDonald's franchisees, who came forward as victims of the same racial discrimination alleged against McDonald's in the original Complaint. [Doc. No. 30]. On December 21, 2020, McDonald's moved to dismiss the Amended Complaint. [Doc. No. 38]. On January 21, 2021, the Court *sua sponte* stayed discovery pending the resolution of the motion to dismiss. [Doc. No. 45].

More than a year and a half later, on September 28, 2022, the Court issued its oral ruling granting McDonald's Motion to Dismiss, without prejudice, and providing Plaintiffs leave to file a Second Amended Complaint alleging more specific and individualized facts. [Doc. No. 63]. Thereafter, on December 16, 2022, Plaintiffs filed their Second Amended Complaint, including the specific and individualized factual allegations the Court ordered in its September 28, 2022, oral ruling. [Doc. No. 79]. After engaging in a further Court-ordered exchange of information with McDonald's related to the various potential accrual dates for Plaintiffs' claims, McDonald's filed its Motion to Dismiss the Second Amended Complaint on March 31, 2023. [Doc. No. 96, 97]. Pursuant to a briefing schedule, Plaintiffs filed their opposition to McDonald's Motion on June 20, 2023. [Doc. No. 109]. Thereafter, McDonald's Motion to Dismiss the Second Amended Complaint became ripe as of July 14, 2023, with the filing of McDonald's reply in support thereof. [Doc. No. 110].

As of the date of this filing, over a year later, and more than two years since the Court's oral ruling on McDonald's first Motion to Dismiss, McDonald's Motion remains ripe and pending resolution by the Court, and the discovery stay remains in effect. Discovery has now been stayed in this case for over 44 months (or more than three years and eight months). Moreover, during the more than four years since Plaintiffs initiated this case, one Plaintiff has passed away,[1] while many

---

[1] Plaintiff Melvin Jones passed away on January 20, 2022.

of the remaining Plaintiffs are of advanced age. Now, following a lengthy stay of discovery, and following years' long rounds of motion to dismiss briefing, Plaintiffs respectfully urge the Court to lift its *sua sponte* stay of discovery in this case.

For these reasons, and the additional reasons discussed below, discovery should now be allowed to proceed.

**ARGUMENT**

**I.    The Court Has Discretion to Lift the Stay of Discovery.**

The filing of a motion to dismiss does *not* automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1998). In this District, "motions to stay are generally disfavored and will not be granted unless the party seeking a stay makes a strong showing why discovery should be denied." *Dickson v. Chicago Allied Warehouses, Inc.*, Case No. 90 C 6161, 1993 WL 362450, at *11 (N.D. Ill. Sept. 15, 1993); *see also New England Carpenters Health and Welfare Fund v. Abbott Labs.*, Case No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) ("[A]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring the resolution of the dispute to a standstill."); *accord Case Procedures for Hon. Steven C. Seeger regarding discovery*, available at: https://www.ilnd.uscourts.gov/judge-info.aspx?IuUaWzNcEoO69sjSQcc1Tm7DkLHEkoSJ.

"[A] stay of discovery is generally appropriate *only* when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing,…or pending resolution of qualified immunity claims." *Hayes v. Board of Education for City of Chicago*, Case No. 21 C 1198, 2021 WL 8153761 at *1 (N.D. Ill. Dec. 22, 2021) (internal citations omitted) (emphasis added). "Indeed, the grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint." *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile*

*Exch.*, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999); Fed. R. Civ. P. 26(c). "The court's authority to stay discovery must be exercised so as to secure the just, speedy, and inexpensive determination of every action." *Id.* (internal citation omitted).

Although not dispositive here, as the Court entered the stay of discovery in this case of its own accord, the factors the Court should consider when evaluating whether to issue a discovery stay in the first place are instructive. Those factors are: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Hayes*, 2021 WL 8153761, at *1 (internal citation omitted). The application of each of these factors weighs decisively in favor of the Court lifting the discovery stay in this case.

### A. Maintaining the Stay Will Continue to Unduly Prejudice and Tactically Disadvantage Plaintiffs.

Plaintiffs initiated this lawsuit over four years ago, and the Court *sua sponte* stayed discovery pending the resolution of McDonald's original Motion to Dismiss a few months later, now also nearly four years ago. [Doc. Nos. 1, 45]. As a result, Plaintiffs have been completely foreclosed from pursuing any discovery in support of resolving their claims against McDonald's. The passage of years with this case in legal limbo has undoubtedly prejudiced and tactically disadvantaged Plaintiffs, and has only benefited—and will continue to benefit—McDonald's.

Specifically, and as mentioned above, at least one Plaintiff, Melvin Jones, has passed away during the pendency of this case. A significant number of other Plaintiffs are of increasingly advanced age. Moreover, and as the Court is surely aware, memories fade over time, and it is otherwise certain that other relevant, non-party fact witnesses have passed away since this case was filed more than four years ago. While nothing can be done to make these individuals available

for discovery, allowing Plaintiffs to proceed to discovery on their claims now will avoid the ever-mounting prejudice to Plaintiffs caused if and when more Plaintiffs and witnesses are lost.

Even if knowledgeable employees or agents of McDonald's remain employed and in good health, fading memories on both sides of this case are a very real and growing concern. Considering the generally long-term nature of franchisees like Plaintiffs' business relationships with McDonald's, most (if not all) witnesses will be asked to recall and answer questions about McDonald's policies and practices, and otherwise about events that occurred in many cases more than a decade ago. As such, a continued discovery stay in this case will only exacerbate the risk—and the reality—that critical testimony will be lost. See *Hayes v. Board of Education for City of Chicago*, No. 21 C 1198, 2021 WL 8153761 at *1 (N.D. Ill. Dec. 22, 2021) (internal citations omitted) (denying motion to stay discovery where "[d]efendants ha[d] obtained the benefit of about five months since [motion to dismiss briefing closed], and nine months since the filing of the suit, during which no discovery activity…occurred," and in light of plaintiff's "valid concern" regarding the passage of time since the events underlying her claims occurred). This factor weighs in favor of the Court lifting the discovery stay in this case.

### B. Maintaining the Stay Will Not Simplify the Issues in Question, but Instead Will Continue to Delay the Clarification of those Issues.

Plaintiffs anticipate that McDonald's will argue that a continued discovery stay is appropriate in this case because McDonald's believes the resolution of its Motion to Dismiss the Second Amended Complaint will be dispositive of Plaintiffs' claims. However, this factor, and McDonald's anticipated argument regarding the merits of its pending Motion to Dismiss, "are entitled to little weight." *Witz v. Great Lakes Educational Services, Inc.*, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020). Continuing "a stay where a party asserts that dismissal is likely 'would require the court to make a preliminary finding of the likelihood of success on the motion to

5

dismiss. This would circumvent the procedures for resolution of such a motion.'" *Id.* (citing *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010)). This factor, too, weighs in favor of the Court lifting its *sua sponte* discovery stay in this action, and allowing Plaintiffs to proceed with discovery on their claims.

**C. Maintaining the Stay Only Exacerbates the Eventual Burden of this Litigation on Both the Parties and the Court**

Finally, continuing the discovery stay in this case will not materially reduce the overall eventual burden of this litigation on both the parties and the Court. At this juncture, there is no outstanding discovery in the case, as neither Plaintiffs nor McDonald's served any discovery requests prior to the Court's *sua sponte* imposition of the discovery stay. Therefore, to the extent that McDonald's may claim that pursuing discovery while the parties continue to await the Court's resolution of its Motion to Dismiss will be unduly burdensome, any such claim would be purely hypothetical. *See Witz*, 2020 WL 8254382, at *2 (N.D. Ill. July 30, 2020) ("If Defendant believes, after receiving discovery requests from Plaintiff, that a particular request is overly burdensome, harassing, or disproportionate to the needs of the case, Defendant can file a…motion to stay discovery or motion for a protective order. A stay based on the theoretical burden of anticipated discovery, however, would be inappropriate.").

Continuing the discovery stay in this case will only increase the eventual burden of this litigation on both the parties and the Court. Both sides of this action will be faced with the reality of fading memories, deceased or otherwise inaccessible Plaintiffs and other witnesses, and otherwise aging documentary evidence. All parties to this litigation would be well-served by the Court permitting them to use the time afforded by the Court's need to resolve McDonald's pending Motion to Dismiss to preserve witness testimony and otherwise to pursue document discovery.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court lift the stay of discovery in this case.

DATED this 11th day of October 2024.          Respectfully submitted,


*/s/ James L. Ferraro*
James L. Ferraro, Esq.
jferraro@ferrarolaw.com
Daryl Parks, Esq.
dparks@ferrarolaw.com
Natalia M. Salas
nsalas@ferrarolaw.com
Angelica L. Novick
anovick@ferrarolaw.com
**THE FERRARO LAW FIRM, P.A.**
Brickell World Plaza
600 Brickell Avenue, 38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222

and

William R. Fahey, Esq.
Illinois Bar No.: 3127912
bfahey@cooneyconway.com
Cooney & Conway, PC
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 236-6166

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing document with the Clerk for the United States District Court, Northern District of Illinois. The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ James L. Ferraro*
James L. Ferraro, Esq.