**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RALPH KING, ET AL., | |
| Plaintiff, | Case No.: 1:20-cv-05132 |
| v. | Hon. Steven C. Seeger |
| MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DEFENDANTS' MOTION FOR**
**CLARIFICATION OF MARCH 31, 2026, MINUTE ORDER [Dkt. 124]**

Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants"), by and through their attorneys, respectfully moves this Court for clarification regarding Minute Order [124] and state as follows:

1.      There are three (3) related cases pending before this Court: (i) *King, et al. v. McDonald's USA, LLC, et al.*, Case No. 1:20-cv-05132; (ii) *Manning, et al. v. McDonald's USA, LLC, et al.*, Case No. 1:23-cv-00210; and (iii) *McPherson v. McDonald's USA, LLC, et al.*, Case No. 1:23-cv-02913. (*See King*, Dkts. 83, 107, 108.); (*McPherson*, Dkt. 26.) [1]

---

[1] On January 11, 2023, the Court severed *Crawford, et al. v. McDonald's USA, LLC, et al.*, Case No. 20-cv-05132 into two new matters: *King v. McDonald's*, which remained with Case No. 20-cv-05132, and *Manning v. McDonald's*, which was assigned Case No. 23-cv-00210. (*See King*, Dkt. 83.) On June 12, 2023, *McPherson v. McDonald's* was reassigned to this Court as a related case. (*See King*, Dkts. 107, 108.); (*McPherson*, Dkt. 26.)

1

2.      On January 21, 2021, the Court *sua sponte* entered a stay of discovery in *King* (then the only pending case) underscoring that the "sufficiency of the complaint must come first." (*King*, Dkt. 45.)

3.      The Court based its decision to enter a stay on its finding that "Plaintiffs are a putative class of 77 former Black franchisees of McDonald's" who "operated more than 300 restaurants" and "[a]ll together, Plaintiffs seek more than $1 billion in damages." (*Id.*) The Court ordered that "[i]n light of the number of plaintiffs, the anticipated scope of discovery, and the enormity of the requested damages, it makes sense to assess the viability of the complaint before proceeding headlong into discovery." (*Id.*)

4.      Two years later, on January 11, 2023, after the *King* and *Manning* cases were severed into two separate actions, the Court extended the previous stay in the *King* case to the *Manning* case, and noted that the cases would be "consolidate[d]…for discovery if need be" and that "the court will expect Plaintiffs' counsel to cooperate and coordinate their discovery efforts." (*King*, Dkt. 83.) The Court again, *sua sponte*, affirmed its prior decision and ordered that "[d]iscovery in both cases remains stayed." (*Id.*)

5.      Similarly, on June 12, 2023, the Court entered a stay of discovery in *McPherson*. (*See King*, Dkt. 107) ("Discovery will be stayed in the McPherson case upon reassignment.").

6.      On March 31, 2023, Defendants filed their respective Motions to Dismiss the operative complaints in *King* and in *Manning*. (*King*, Dkts. 96, 97); (*Manning*, Dkts. 18, 19.)

7.      On June 5, 2023, Defendants filed their Motion to Dismiss in *McPherson*. (*McPherson*, Dkts. 22, 23.)

8.      On March 27, 2026, the Court issued its memorandum opinion and order on Defendants' Motion to Dismiss in *McPherson*. (*McPherson*, Dkt. 22.)

9. On March 31, 2026, the Court set a status hearing in *McPherson* on April 23, 2026. (*McPherson*, Dkt. 44.)

10. The same day, on March 31, 2026, the Court lifted the stay of discovery in *King et al. v. McDonald's USA, LLC et al.*, 20-cv-05132. (*King*, Dkt. 124.)

11. Defendants' respective Motions to Dismiss in *King* and *Manning* remain pending.

12. Accordingly, Defendants respectfully request clarification as to whether the March 31, 2026, Minute Order [124] lifting the stay of discovery was intended to be filed in *McPherson* where certain claims survived the motion to dismiss and the Court has already set a status hearing. Defendants are prepared to proceed with discovery in the *McPherson* case on those claims that remain after the Court's March 27, 2026, Order.

13. The Defendants further request clarification as to whether the previously issued stay of discovery in the *King* and *Manning* cases remains in effect, pending ruling on McDonald's pending motions to dismiss in those cases. Defendants respectfully submit that the circumstances that existed when the Court ordered the stay in those cases are unchanged.

WHEREFORE, Defendants respectfully request that the Court clarify if its March 31, 2026, Minute Order in *King* (*King*, Dkt. 124) was intended to be entered in *McPherson* and confirm that the stay of discovery remains in place in *King* and *Manning* pending the Court's rulings on the motions to dismiss, as previously ordered. (*King*, Dkt. 45.)

3

Dated: April 10, 2026

Respectfully submitted,

/s/ Amy C. Andrews

Patricia Brown Holmes
Amy C. Andrews
Mary A. Laird
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8700
pholmes@rshc-law.com
aandrews@rshc-law.com
mlaird@rshc-law.com

4