**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| RALPH KING, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MCDONALD'S USA, LLC, a Delaware<br>limited liability company, and<br>MCDONALD'S CORPORATION, a<br>Delaware corporation,<br><br>　　　　Defendants. | Case No.: 1:20-cv-05132<br><br>Hon. Judge Steven C. Seeger |

**JOINT DISCOVERY STATUS REPORT**

Plaintiffs and Defendants McDonald's USA, LLC ("McDonald's USA") and McDonald's Corporation ("McDonalds Corp.") (collectively with McDonald's USA, "Defendants," and together with Plaintiffs, the "Parties"), through their respective counsel, and pursuant to the Court's Order of March 31, 2026 (Dkt. No. 124), met and conferred regarding the scope of discovery.  Although the Parties previously filed a joint status report on January 19, 2021 (Dkt. No. 43), intervening developments, including the re-captioning of this case and the creation of the related *Manning* case, have significantly altered the posture of the litigation. In light of these changes, and the age of the case, the Parties propose a revised discovery schedule.

The Parties reached an impasse on the length of the fact discovery period. Plaintiffs proposed a 6-month fact discovery window, while Defendants proposed a 10-month fact discovery window. Because the Parties were unable to reach agreement, they respectfully submit the following competing schedules for the Court's consideration:

## I.    Nature of the Case

### A.    Attorneys of Record

Counsel for Plaintiffs are James L. Ferraro (lead), Daryl Parks (co-lead), Natalia Salas, and Angelica Novick of The Ferraro Law Firm, P.A., Miami, Florida, and William R. Fahey of Cooney & Conway, PC.

Counsel for Defendants are Patricia Brown Holmes (lead), Amy C. Andrews (co-lead), Ariel Shepard, Mary Laird, and Nathan Shine of Riley Safer Holmes & Cancila LLP.

### B.    Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 28 U.S.C. § 1367(a).

### C.    Procedural History

1.    On August 31, 2020, The Ferraro Law Firm filed the original complaint in this matter on behalf of fifty-two (52) individual Plaintiffs. (Dkt. No. 1).

2.    Defendants filed their Motion to Dismiss on October 23, 2020. (Dkt. Nos. 24, 25).

3.    On November 16, 2020, the Amended Complaint was filed, naming seventy-seven (77) individual Plaintiffs. (Dkt. No. 30).

4.    Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint on December 21, 2020. (Dkt. Nos. 38, 39).

5.    On January 21, 2021, this Court entered an Order staying discovery. (Dkt. No. 45).

6.    On September 28, 2022, this Court held a Telephonic Status Hearing, granting Defendants' Motion to Dismiss the Amended Complaint (Dkt. No. 38), with leave for Plaintiffs to file a Second Amended Complaint. (Dkt. No. 63).

7.    On November 11, 2022, the Loevy Firm filed a motion for substitution of counsel on behalf of thirty-nine (39) named Plaintiffs in the Amended Complaint. (Dkt. No. 71).

8.      On November 15, 2022, this Court entered an Order directing The Ferraro Law Firm and Loevy & Loevy to file a joint statement about the future direction of the case, and provided a deadline of December 16, 2022, for filing the second amended complaint. (Dkt. No. 74).

9.      The Ferraro Law Firm filed their Second Amended Complaint on December 16, 2022, naming thirty-one (31) individual Plaintiffs (the "King Complaint"). (Dkt. No. 79).

10.     Also, on December 16, 2022, Loevy & Loevy filed a Second Amended Complaint on behalf of forty-eight (48) Plaintiffs (the "Manning Complaint"). (Dkt. No. 78).

11.     Defendants filed their Motion to Dismiss both the *King* and *Manning* Second Amended Complaints (Dkt. Nos. 78, 79) on December 30, 2022 . (Dkt. No. 82).

12.     On January 11, 2023, this Court entered an Order denying the motion for substitution of counsel and severing the case into two cases: the instant case, and the *Manning* case (Case No. 23-cv-00210). The Court further designated the two cases as "related," to "stay on the same scheduling track," and "consolidate[d] […] for discovery if need be." (Dkt. No. 83).

13.     On March 31, 2023, Defendants filed a motion to dismiss the *King* Second Amended Complaint.  (Dkt. Nos. 96, 97).  That motion remains pending before the Court.[1]

14.     On April 5, 2023, pursuant to the Court's February 27, 2023 Order (Dkt. No. 91), the parties submitted a Joint Status Report regarding the dates that each individual Plaintiff exited the McDonald's Franchise System.  (Dkt. No. 98).

15.     On October 11, 2024, Plaintiffs filed a Motion to Lift Discovery Stay and Memorandum of Law. (Dkt. No. 119).

---

[1] On the same day, March 31, 2023, Defendants filed a motion to dismiss the *Manning* Second Amended Complaint (Case No. 23-cv-00210, Dkt. Nos. 18, 19). That motion remains pending before the Court.

16.     On March 31, 2026, the Court granted Plaintiffs' Motion and entered an Order Lifting the Stay of Discovery. (Dkt. No. 124). The Court further ordered the parties to meet and confer about the scope of discovery and file a status report within two weeks of that order.

17.     On April 10, 2026, Defendants filed a Motion for Clarification of March 31, 2026, Minute Order (Dkt. No. 125).  That motion remains pending before the Court.

18.     On April 14, 2026, the Parties filed a joint motion for a one-week extension of time to meet and confer on the scope of discovery (Dkt. No. 126).

**A.     <u>Case Overview</u>**

Plaintiffs are a group of thirty-one former Black McDonald's franchisees who owned and operated McDonald's restaurants during varying time periods and in varying locations across the country.  Plaintiffs allege that Defendants engaged in a custom and practice of racial discrimination against them by, among other things, steering them to older and underperforming restaurant locations, inducing them to purchase these restaurants with misleading financial representations and omissions, excluding them from growth opportunities, and imposing unfair renovation and rebuild requirements and unequal grading and inspection standards.

Defendants categorically deny Plaintiffs' allegations and on March 31, 2023, filed a Motion to Dismiss Plaintiffs' Second Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt Nos. 96, 97).  Defendants further submit that many of Plaintiffs' asserted claims are barred by the relevant statutes of limitations, and, as directed by the Court in its January 11, 2023 and February 27, 2023 Orders (Dkt. Nos. 87, 91), such claims should be withdrawn.

**B.     <u>Claims Asserted</u>**

Plaintiffs filed a Second Amended Complaint on December 16, 2022 (Dkt. 79), asserting three claims against McDonald's: (i) intentional racial discrimination in violation of 42 U.S.C. § 1981 (Count I); (ii) intentional racial discrimination of 42 U.S.C. § 1982 (Count II); and (iii) Fraudulent

Concealment (Count III). Pending resolution of their Motion to Dismiss, Defendants have not yet filed an Answer, Affirmative Defenses or Counter-Claims to Plaintiffs' Second Amended Complaint. Defendants deny liability for any of the claims in the Second Amended Complaint, and anticipate raising numerous Affirmative Defenses, including, but not limited to, estoppel, waiver, release and satisfaction, material breach by Plaintiffs of their Franchise Agreements, laches, lack of standing, failure to join proper parties, failure to state a claim, and statute of limitations.

### C. Principal Factual Issues

The principal factual issues concern whether Defendants engaged in intentional racial discrimination, breach of contract, and/or committed fraud by, including, but not limited to, racial steering to substandard locations, denial of growth opportunities, unreasonable reinvestment requirements, and targeted inspections. In addition, factual issues exist regarding each Plaintiff's individual franchise, including the dates upon which their franchise agreements were signed and terminated, the identity of the parties to those franchise agreements, whether Plaintiffs were in material breach of those agreements during their time as McDonald's USA franchisees, and whether Plaintiffs released some or all of their claims either during their time in or upon exit from the McDonald's System.

### D. Principal Legal Issues

The principal legal issues are whether Plaintiffs have pled cognizable claims, and include: (a) whether Plaintiffs sufficiently pled facts plausibly showing discriminatory intent; (b) whether Plaintiffs sufficiently pled facts plausibly showing that race was the but-for cause of the challenged actions; (c) whether Plaintiffs' claims are time-barred under the applicable statutes of limitations; and/or (e) whether Plaintiffs can state a claim for fraudulent concealment, including whether Plaintiffs have sufficiently pled particularized facts as required by Fed. R. Civ. P. 9(b). In addition, there are legal issues relating to: (a) the standing of each Plaintiff to pursue the claims asserted in the complaint,

either due to release of some or all of their claims, or because of a failure to join the proper party-in-interest; (b) whether corporate separateness bars Plaintiffs from holding McDonald's Corp. liable for franchisor-level decisions allegedly made by McDonald's USA; and (c) whether Plaintiffs' claims are properly joined.

### E.     Relief Sought

Plaintiffs seek compensatory damages, punitive damages, reasonable attorneys' fees, expert fees, costs, and an award of pre-judgment and post-judgment interest, to be determined at trial. Plaintiffs estimate that they collectively owned and operated more than one hundred (100) McDonald's restaurants, and seek compensatory damages based on estimates of lost profits, loss of investment value, lost business opportunities, and accumulation of unnecessary debt. Finally, Plaintiffs allege they suffered emotional distress, humiliation, damage to professional reputations, and to future business prospects.

### F.     Status of Service

All named Defendants have been served.

## II.     Discovery

The Parties conducted a Rule 26(f) conference on April 20, 2026. The Parties disagree on whether discovery should be stayed pending resolution of Defendants' Motion to Dismiss and Motion for Clarification.[2]

---

[2]     Given the large number of Plaintiffs, the expansiveness of Plaintiffs' claims, and the untimely nature of most of the asserted claims, Defendants maintain that discovery is not appropriate until the pleadings are settled, including but not limited to, through resolution of Defendants' pending Motion to Dismiss the Amended Complaint (Dkt. Nos. 96, 97), and Defendants' Motion for Clarification (Dkt. No. 124). Initiating discovery before the pleadings are settled, and before the Parties are at issue, would impose unnecessary expense and undue burden to Defendants. (*See* Dkt. Nos. 45, 83, 125). As the Court previously ordered, "[i]n light of the number of plaintiffs, the anticipated scope of discovery, and the enormity of the requested damages, it makes sense to access the viability of the complaint before proceeding headlong into discovery." (Dkt. No. 45). Furthermore, the Court noted that it "will expect Plaintiffs' counsel to cooperate and coordinate their discovery efforts" with the related severed case, *Manning v. McDonald's*, Case No. 23-cv-00210. (*Id*.) Initiating discovery now would frustrate that cooperation and coordination where a stay of discovery in remains in place.

Nevertheless, in the event that the Court orders the Parties to proceed with discovery at this time, and in order to comply with the Court's Order directing the Parties to prepare a Joint Status Report about the scope of discovery (Dkt. No. 124), the Parties propose the following updated discovery schedules, with all dates calculated from April 22, 2026 as the start date. Deadlines are subject to modification by the Court or by agreement of the Parties for good cause.

**Plaintiffs' Proposed Discovery Schedule**

| Event | Deadline |
|---|---|
| Initial Disclosures | To be served by May 6, 2026 |
| Fact Discovery Commencement | April 28, 2026 |
| Amendment to Pleadings | August 22, 2026 (60 days before close of fact discovery) |
| Completion of Fact Discovery | October 22, 2026 (approximately 6 months from start date) |
| Disclosure of Plaintiffs' Expert Report(s) | November 22, 2026 (One month after the close of fact discovery) |
| Deposition of Plaintiffs' Expert(s) | December 22, 2026 |
| Disclosure of Defendants' Expert Report(s) | January 7, 2027 |
| Deposition of Defendants' Expert(s) | January 21, 2027 |
| Close of Expert Discovery | January 21, 2027 |
| Dispositive Motions | March 8, 2027 (approximately 45 days after the close of expert discovery) |

**Defendants' Proposed Discovery Schedule**

Defendants submit their proposed discovery schedule because the Parties were unable to reach agreement and because the scope and structure of these coordinated actions require a realistic timetable. The Court has previously ordered that the *King* and *Manning* matters will track one another

7

and proceed with coordinated discovery. (Dkt. No. 83). Between the *King* and *Manning* matters, there are presently seventy-nine (79) Plaintiffs across multiple jurisdictions, pending and subject to the Court's ruling on Defendants' Motions to Dismiss. The Parties' prior *joint* proposed discovery schedule contemplated fourteen (14) months of fact discovery and six (6) months of expert discovery, reflecting the complexity and individualized nature of the claims. Plaintiffs now propose a six (6) month fact discovery period and a three (3) month expert discovery period, which is not practical or proportional given the number of Plaintiffs, their geographic dispersion, and the individualized fact inquiries their claims require.

In an effort to compromise, Defendants propose a ten (10) month fact discovery period and a three-and-a-half (3.5) month expert discovery period, though even this accelerated schedule may prove challenging. Defendants respectfully submit that their proposal is the most workable and efficient approach under the circumstances.

| Event | Deadline |
| --- | --- |
| Initial Disclosures | To be served by May 22, 2026 |
| Fact Discovery Commencement | April 28, 2026 |
| Amendment to Pleadings | (60 days before close of fact discovery) |
| Completion of Fact Discovery | March 1, 2027 (approximately 10 months from start date) |
| Disclosure of Plaintiffs' Expert Report(s) | April 1, 2027 (30 days after close of fact discovery) |
| Deposition of Plaintiffs' Expert(s) | May 3, 2027 |
| Disclosure of Defendants' Expert Report(s) | June 2, 2027 |
| Deposition of Defendants' Expert(s) | June 16, 2027 |

| Close of Expert Discovery | June 16, 2027 |
|---|---|
| Dispositive Motions | July 30, 2027 (approximately 45 days after the close of expert discovery) |

A.      **Depositions.**  Prior to ruling on Defendants' Motion to Dismiss and the exchange of Rule 26(a)(1) disclosures, the exact number of depositions is not known; however, the Parties currently anticipate that there will be a need for fifteen (15) fact witness depositions per side, excluding the named Plaintiffs, Rule 30(b)(6) witnesses, and Plaintiffs' and Defendants' experts.  The Parties currently anticipate that there will be a need for two (2) to four (4) expert depositions.

B.      **Special Issues.**  The Parties do not currently foresee any special issues with respect to discovery, but reserve their rights to seek modification of any scheduling order entered by the Court with respect to the planning and sequencing of discovery, including with respect to the claims of the individual Plaintiffs. Defendants note that McDonald's Corp. and McDonald's USA are separate legal entities. To the extent that Plaintiffs seek nationwide or corporate-level discovery untethered to the claims of individual Plaintiffs or to the specific entity alleged to have taken the challenged action, such requests raise proportionality, scope, and burden concerns.

III.    **Trial**

A.      **Jury Demand.**  Plaintiffs have demanded a jury trial.

B.      **Length of Trial.**  Plaintiffs anticipate that a trial in this matter will last 6 to 8 weeks, which may change depending on the number of Plaintiffs at issue.  Prior to the Court's resolution of Defendants' Motion to Dismiss the Second Amended Complaint, Defendants are unable to estimate the length of trial of the claims of the individual Plaintiffs, if any, that may be deemed actionable.

## IV. Settlement, Referrals, and Consent

**A.** **Settlement Discussions.** The Parties engaged in informal settlement discussions and participated in pre-suit mediation on July 30, 2020 and again after filing this action on December 29, 2022, before the Honorable David H. Coar, in Chicago, Illinois.

**B.** **Settlement Conference.** The Parties reached an impasse at the pre-suit and post-suit mediations and do not believe a settlement conference would be productive at this time.

**C.** **Consent to Magistrate.** The Parties do not unanimously consent to proceed before the Magistrate Judge.

## V. Other

If the Court determines that, due to the nature of this case and the issues presented in this Joint Status Report, an initial status hearing and/or case management conference pursuant to Rule 16(b) would be beneficial, the Parties are willing to participate remotely and do not object to appearing for such status conference through the Court's mobile video teleconferencing system.

Dated: April 21, 2026

Respectfully submitted,

/s/ James L. Ferraro

s/ Amy C. Andrews

James L. Ferraro,
Natalia M. Salas
Daryl Parks
THE FERRARO LAW FIRM, P.A.
Brickell World Plaza
600 Brickell Avenue, 38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222
jferraro@ferrarolaw.com

William R. Fahey, Esq.
COONEY & CONWAY, PC
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 236-6166

Patricia Brown Holmes
Amy Curtner Andrews
Mary A. Laird
Nathan Shine
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8700
pholmes@rshc-law.com
aandrews@rhsc-law.com
mlaird@rshc-law.com

Ariel Schepers Wilson
RILEY SAFER HOLMES & CANCILA LLP
2723 S. State Street, Suite 150

10

bfahey@cooneyconway.com

*Counsel for Plaintiffs*

Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com


*Counsel for Defendants*

11