UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| RALPH KING, et al.,<br><br>       Plaintiffs,<br><br>     v.<br><br>MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation,<br><br>       Defendants. | Case No.: 1:20-cv-05132<br><br>Hon. Judge Steven C. Seeger |

**JOINT SUBMISSION APPLYING THE *MCPHERSON* STATUTE OF LIMITATIONS RULINGS TO *KING* PLAINTIFFS**

Pursuant to the Court's April 28, 2026, Minute Entry [Dkt. 132], Plaintiffs and Defendants McDonald's USA, LLC and McDonald's Corporation (collectively, "Defendants" or "McDonald's," and together with Plaintiffs, the "Parties"), by and through their respective counsel, jointly submit this status report applying the statutes of limitations rulings in the related case, *McPherson v. McDonald's USA, LLC et al.*, No. 23-cv-2913, to the claims of the first five[1] named Plaintiffs. *See* Dkt. 131. As reflected in the charts below, the Parties apply the *McPherson* limitations framework as directed by the Court, identifying the Parties' areas of agreement and disagreement as to timeliness and viability.[2] The Parties reserve all rights, claims, defenses,

---

[1] The Tillmans (John and Marcia), the Holloways (Keristin and Gloria), and the Joneses (Jane and George) are each treated as one plaintiff for purposes of this submission, as each couple owned and operated their franchises together as a married couple and share identical entry and exit dates.

[2] The Parties disagree on the inclusion of a viability statement. Plaintiffs object to Defendants' inclusion of viability arguments as outside the scope of the Court's directive to "address whether those allegations are time-barred in light of this Court's ruling in McPherson." DE 132, at 1 (emphasis added). From the Defendants' perspective, identifying the applicable statute of limitations addresses only one component of

arguments, and positions on appeal raised in connection with the pending motion to dismiss the

Second Amended Complaint ("SAC"). *See* Dkts. 79, 96-97, 106, 109-110.

---

the issues raised in the pending motion to dismiss. *See* Dkts. 79, 96-97, 106, 109-110. The remaining component—whether each timely claim is viable under Rule 12(b)(6)—is fully briefed and will necessarily inform the Court's evaluation of any claim that survives the limitations analysis.

| Plaintiff Ralph King \| McDonald's Entrance Date 12/15/1983, Exit Date 10/01/2019 (Dkt. 98-2)[3] |
|---|
| *King et al., v. McDonald's USA, LLC et al.*, 20-cv-05132 |
| Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.* (Dkt. 1) |
| Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 |

| Count | Plaintiff's Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 131.<br><br>Post-formation: 4-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2016, leading to 2019 forced exit. (SAC ¶¶ 37, 169–206, 217–219, 243–244, 265–285).<br><br>Discriminatory conduct before June 8, 2016, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 144, 147–155, 202–219, 245–264). | **Agree** that all pre-contract formation conduct that predates June 8, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and October 1, 2019, is timely, but **disagree** on viability because SAC ¶¶ 282-285 do not plausibly assert a § 1981 claim. *See* Dkt. 97 at 15-25. |

---

[3] *See* Dkt. 98, ¶1 ("the Parties have now confirmed and agreed upon the exit dates from the McDonald's franchise system for all of the Plaintiffs").

| Count II: § 1982 Sale/Leasing Discrimination<br><br>Claim added through SAC, filed 12/16/2022. Dkt. 79.<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2018,[4] leading to 2019 forced exit. (SAC ¶¶ 169–206, 217–219, 243–244, 265–285).<br><br>Discriminatory conduct before June 8, 2018, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 144, 147–155, 202–219, 245–264). | **Disagree** on viability because conduct that predates December 16, 2020,[5] is time-barred based on system exit date and should be dismissed. *See* Dkt. 97 at 23-26. |

---

[4] Plaintiffs contend that their § 1982 claims relate back to the filing of the original complaint because they arise from the same conduct, transaction, or occurrence underlying the original § 1981 claims. *See* Fed. R. Civ. P. 15(c)(1)(B). Although §§ 1981 and 1982 protect different rights—contractual and property interests, respectively—both prohibit intentional racial discrimination, and the same discriminatory conduct may support claims under both statutes. *HCP of Ill., Inc. v. Farbman Grp. I, Inc.*, 978 F. Supp. 2d 943, 945 (N.D. Ill. 2013). According to Plaintiffs, both sets of claims are based on the same alleged course of racially discriminatory conduct by McDonald's, including, denial of growth and rewrite opportunities, targeted inspections and business reviews, and forced exits at a loss. Rule 15(c) does not require that an amended claim be legally identical to the original claim; it requires only that the amendment rest on the same operative facts. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) ("Generally, an amended complaint in which the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.") (internal quotation marks and citation omitted); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (holding Title VII claims related back to an earlier complaint asserting state-law claims based on the same facts and circumstances). Relation back is therefore appropriate where the amendment merely "amplifies" legal theories arising from facts already pleaded and of which Defendants had ample notice through earlier filings. *Compare Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *see also* 6A Fed. Prac. & Proc. Civ. § 1497 (3d ed.); 3 Emp. Discrimen. Coord. Analysis of Federal Law § 126:33. Defendants disagree that the original pleading provided fair notice.

[5] Defendants assert that Sections 1981 and 1982 protect categorically distinct substantive rights—contractual rights versus property rights—and a complaint alleging only a § 1981 contractual discrimination claim does not provide fair notice of a § 1982 property-rights claim. Adding a § 1982 claim for the first time therefore cannot relate back where the original pleading did not give the defendant "enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *see also*, *Hale v. U.S. Postal Serv.*, 663 F. Supp. 7, 9 (N.D. Ill. 1986), aff'd, 826 F.2d 1067 (7th Cir. 1987) (allowing relation back "in the absence of proper notice *within* the limitations period would result in prejudice by eliminating the statute of limitations defense") (emphasis original). Plaintiffs disagree that that the original pleading failed to provide fair notice.

| | | |
|---|---|---|
| **Count III: Fraudulent Concealment**<br><br>Claim added through SAC, filed 12/16/2022.[6] Dkt. 79.<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | No ruling in *McPherson*.[7]<br><br>Otherwise survives for alleged concealment after June 8, 2015. (SAC ¶¶ 147–178). | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶ 274-285 fail to plead with particularity. *See* Dkt. 97 at 27-36. |

---

[6] Plaintiffs contend that their fraudulent concealment claims (Count III) relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c), such that the applicable five-year limitations period would permit claims based on conduct occurring after June 8, 2015. Defendants dispute that relation back applies and argue that the five-year limitations period reaches conduct occurring after December 16, 2017. *See supra*, at n. 4, and n. 5.

[7] Plaintiffs limited their submission to claims addressed in *McPherson*, consistent with the Court's directive to "address whether the allegations are timely in light of *McPherson*." *See* Dkt. 132, at 1. Defendants disagree with this approach. *See* Dkt. 132 ("the parties must address, on a plaintiff-by-plaintiff and count-by-count basis, the allegations of the complaint").

| Plaintiffs John and Marcia Tillman \| McDonald's Entrance Date 02/01/1990, Exit Date 02/01/2019 (Dkt. 98-2) |
|---|
| *King et al., v. McDonald's USA, LLC et al.*, 20-cv-05132 <br> Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.* (Dkt. 1) <br> Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 |

| Count | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination** <br><br> Pre-formation: 2-year statute of limitations. Dkt. 131. <br><br> Post-formation: 4-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2016, leading to 2019 forced exit. (SAC ¶¶ 38, 169–206, 207–217, 219, 306–319). <br><br> Discriminatory conduct before June 8, 2016, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 144, 147–155, 202–217, 219, 286–305). | **Agree** that all pre-contract formation conduct that predates June 8, 2018, is dismissed as untimely. <br><br> **Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely. <br><br> **Agree** that limited post-contract formation conduct between June 8, 2016, and February 1, 2019, is timely, but **disagree** on viability because SAC ¶¶ 286-319 do not plausibly assert a § 1981 claim or contain any timely asserted dates of alleged conduct. *See* Dkt. 97 at 15-25. |
| **Count II: § 1982 Sale/Leasing Discrimination** <br><br> Claim added through SAC, filed 12/16/2022. Dkt. 79. <br><br> Pre-/post-formation: 2-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2018,[8] leading to 2019 forced exit. (SAC ¶¶ 169–206, 207–217, 219, 306–319). <br><br> Discriminatory conduct before June 8, 2018, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 144, 147–155, 202– | **Disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed. *See* Dkt. 97 at 23-26. |

---

[8] Plaintiffs contend that the relation back doctrine applies, such that all allegations within the statute of limitations are timely, beginning June 8, 2018, for the original plaintiffs. Defendants disagree. *See supra*, at n. 4, and n. 5.

6

| | | |
|---|---|---|
| | 217, 219, 286–305). | |
| **Count III: Fraudulent Concealment**<br><br>First alleged in SAC, filed 12/16/2022.[9] Dkt. 79.<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | No ruling in *McPherson*.[10]<br><br>Otherwise survives for alleged concealment after June 8, 2015. (SAC ¶¶ 147–178). | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶274-285 fail to plead with particularity. *See* Dkt. 97 at 27-36. |

---

[9] Plaintiffs contend that the relation back doctrine applies, such that all allegations in support of fraudulent concealment within the five-year statute of limitations are timely, beginning June 8, 2015, for the original plaintiffs. Defendants disagree. *See supra*, at n. 4, and n. 5.

[10] Plaintiffs limited their submission to claims addressed in *McPherson*, consistent with the Court's directive to "address whether the allegations are timely in light of *McPherson*." *See* Dkt. 132, at 1. Defendants disagree with this approach. *See* Dkt. 132 ("the parties must address, on a plaintiff-by-plaintiff and count-by-count basis, the allegations of the complaint").

**Plaintiffs Keristin (Kurt) and Gloria Holloway| McDonald's Entrance Date 04/01/1997, Exit Date 05/01/2017 (Dkt. 98-2)**
*King et al., v. McDonald's USA, LLC et al.*, 20-cv-05132
**Plaintiffs' Position**: Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.* (Dkt. 1)
Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020[11]
**Defendants' Position**: Gloria Holloway as a newly added plaintiff with filing of the First Amended Complaint ("FAC")
Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.* (Dkt. 30)

| Count | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 131.<br><br>Post-formation: 4-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2016, leading to 2017 forced exit. (SAC ¶¶ 39, 169–206, 207–219, 329–332).<br><br>Discriminatory conduct before June 8, 2016, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 144, 202–219, 320–328). | Applied to Keristin ("Kurt"):<br>**Agree** that all pre-contract formation conduct that predates June 8, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between June 8, 2016, and May 1, 2017, |

---

[11] While Mr. Holloway was named as a plaintiff in the original Complaint, his wife, Gloria Holloway, was added as a co-plaintiff in the First Amended Complaint in her capacity as a co-owner of the franchises at issue—a fact known to McDonald's as the franchisor. Plaintiffs contend that Ms. Holloway's claims relate back to the original filing date because they are identical to Mr. Holloway's claims and arise out of the same conduct, transactions, and occurrences alleged in the original pleading. In determining whether a newly added plaintiff's claims relate back to the filing of the original complaint, courts consider whether the original and new plaintiffs share an identity of interest. "[P]arties share identity of interest when there is [a] relationship so close that [the] court can conclude that [the] defendant had notice of [the] new party's potential claims and thus would not suffer any prejudice by [the] party's addition." *Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1045 (N.D. Ill. 2000). In *Olech*, the court held that claims asserted by a newly added plaintiff, acting as executor of her deceased husband's estate, related back to the filing of the original complaint because of the close legal relationship between the parties. *Id.* (citing *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, No. 92 C 6659, 1997 WL 367368, at *6 (N.D. Ill. June 25, 1997); *Creppel v. United States*, 33 Fed. Cl. 590, 596 (1995) (recognizing that a close legal relationship between the original and newly added plaintiffs can provide sufficient notice to defendants)). Plaintiffs maintain that the same reasoning applies here. Because Ms. Holloway's claims arise from the same alleged conduct and her ownership interest in the franchises was known to McDonald's, Defendants had notice of her potential claims and would suffer no prejudice from her addition to the action. Defendants disagree.

|  |  | is timely, but **disagree** on viability because SAC ¶¶329-332 do not plausibly assert a § 1981 claim. *See* Dkt. 97 at 15-25.<br><br>Applied to Gloria:[12]<br>**Disagree** that claims relate back to the filing of the original Complaint. *See supra*, at n. 12.<br><br>**Disagree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Disagree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely. |

---

[12] Defendants dispute Plaintiffs' contention that the inclusion of Gloria Holloway, added as a new plaintiff in the First Amended Complaint ("FAC"), *see* Dkt. 30, afforded Defendants fair notice of her purported claims. *See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, No. 92 C 6659, 1997 WL 367368, at *7-8 (N.D. Ill. June 25, 1997) ("Rule 15(c) does not allow relation back unless the original complaint gave the defendant 'fair notice' of the new plaintiff"); *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1045 (N.D. Ill. 2000) ("the most essential factor in this balancing test is fair notice"); *see also*, *Newell v. Harrison*, 779 F. Supp. 388, 391-92 (E.D. La. 1991) (in "plain language," Rule 15 "was not intended for a party to amend its pleadings to add or change party plaintiffs, particularly where there exists other, more procedurally proper avenues for parties to assert their claims"). Even assuming Rule 15(c) applies by analogy to the addition of new plaintiffs, Plaintiffs cannot satisfy the separate requirement that the omission resulted from a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Seventh Circuit has long held that Rule 15(c) "does not permit relation back where … there is lack of knowledge of the proper party." *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (citations omitted) (ellipsis original). Courts within this district likewise recognize that "not knowing a defendant's name is not a 'mistake.'" *Hunt ex rel. Chiovari v. Dart*, 612 F. Supp. 2d 969, 973 (N.D. Ill. 2009). The same principle applies with greater force here: Plaintiffs indisputably knew Ms. Holloway's identity at the time of filing the original complaint; had they intended to assert her claims at the start of the tolling agreement, they would have done so then. That omission therefore was not a Rule 15(c) mistake; at most, it was a litigation choice. *See, e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC*, 468 B.R. 620, 624 (Bankr. S.D.N.Y. 2012) (finding no relation back where omission of parties from the original complaint reasonably appeared to be "the result of a strategic decision […] and not a mistake"). Because Defendants lacked fair notice of Ms. Holloway's claims in the original complaint and because her later addition was not the product of a mistake concerning party identity, her limitations period should be measured from the filing of the FAC.

| | | |
|---|---|---|
| | | **Disagree** that limited post-contract formation conduct between November 16, 2016, and May 1, 2017, is timely, and **disagree** on viability because SAC ¶¶329-332 do not plausibly assert a § 1981 claim. *See* Dkt. 97 at 15-25. |
| **Count II: § 1982 Sale/Leasing Discrimination**<br><br>Claim added through SAC, filed 12/16/2022.[13] Dkt. 79.<br><br>Pre-/post-formation: 2-year statute of limitations. Dkt. 131. | Dismissed as untimely based on exit date. | **Agree** that this claim should be dismissed as untimely. |
| **Count III: Fraudulent Concealment**<br><br>Claim added through SAC, filed 12/16/2022.[14] Dkt. 79.<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | No ruling in *McPherson*.[15]<br><br>Otherwise survives for alleged concealment after June 8, 2015. (SAC ¶¶ 147–178). | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred based on system exit date and should be dismissed as untimely. |

---

[13] Plaintiffs assert that the relation back doctrine applies, such that all allegations within the statute of limitations would be timely beginning June 8, 2018. Defendants disagree. *See supra*, at n. 4, and n. 5. Defendants also disagree that any tolling agreement for the original plaintiffs is applicable where these plaintiffs were added through the filing of the FAC. *See* Dkt. 30.

[14] Plaintiffs contend that the relation back doctrine applies, such that all allegations in support of fraudulent concealment within the five-year statute of limitations are timely, beginning June 8, 2015, for the original plaintiffs. Defendants disagree. *See supra*, at n. 4, and n. 5.

[15] Plaintiffs limited their submission to claims addressed in *McPherson*, consistent with the Court's directive to "address whether the allegations are timely in light of *McPherson*." *See* Dkt. 132, at 1. Defendants disagree with this approach. *See* Dkt. 132 ("the parties must address, on a plaintiff-by-plaintiff and count-by-count basis, the allegations of the complaint").

| Plaintiffs George and Jane Jones \| McDonald's Entrance Date January 1981, Exit Date 12/17/2019 (Dkt. 98-2) *King et al., v. McDonald's USA, LLC et al.*, 20-cv-05132 Filed November 16, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.* (Dkt. 30) Newly added plaintiffs with filing of the First Amended Complaint ("FAC") | | |
|---|---|---|
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination**<br><br>Pre-formation: 2-year statute of limitations. Dkt. 131.<br><br>Post-formation: 4-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after November 16, 2016, leading to 2019 forced exit. (SAC ¶¶ 40, 169–206, 207–219, 336–350).<br><br>Discriminatory conduct before November 16, 2016, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 144, 202–219, 333–335). | **Agree** that all pre-contract formation conduct that predates November 16, 2018, is dismissed as untimely.<br><br>**Agree** that all post-contract formation conduct that predates November 16, 2016, is dismissed as untimely.<br><br>**Agree** that limited post-contract formation conduct between November 16, 2016, and December 17, 2019, is timely, but **disagree** on viability because SAC ¶¶343-350 do not plausibly assert a § 1981 claim. *See* Dkt. 97 at 15-25. |
| **Count II: § 1982 Sale/Leasing Discrimination** | Dismissed as untimely based on exit date. | **Agree** that this claim should be dismissed as untimely. |
| **Count III: Fraudulent Concealment** | No ruling in *McPherson*.[16]<br><br>Otherwise survives for alleged concealment after December 16, 2017. (SAC ¶¶ 156–178). | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely. |

---

[16] Plaintiffs limited their submission to claims addressed in *McPherson*, consistent with the Court's directive to "address whether the allegations are timely in light of *McPherson*." *See* Dkt. 132, at 1. Defendants disagree with this approach. *See* Dkt. 132 ("the parties must address, on a plaintiff-by-plaintiff and count-by-count basis, the allegations of the complaint").

| | | |
|---|---|---|
| Claim added through SAC, filed 12/16/2022. Dkt. 79.<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | | **Also disagree** on viability because SAC ¶¶343-350 fail to plead with particularity. *See* Dkt. 97 at 27-36. |

| | | |
|---|---|---|
| **Plaintiff Errol Service \| McDonald's Entrance Date 07/29/1994, Exit Date 04/01/2020 (Dkt. 98-2)** *King et al., v. McDonald's USA, LLC et al.*, 20-cv-05132 <br> Filed August 31, 2020, under *Crawford et al., v. McDonald's USA, LLC et al.* (Dkt. 1) <br> Tolling agreement for the original Plaintiffs included in *Crawford* beginning June 8, 2020 | | |
| **Count** | **Plaintiff's Position** | **Defendants' Position** |
| **Count I: § 1981 Contracting Discrimination** <br><br> Pre-formation: 2-year statute of limitations. Dkt. 131. <br><br> Post-formation: 4-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2016, leading to 2020 forced exit. (SAC ¶¶ 41, 169–206, 202–217, 219, 357–365). <br><br> Discriminatory conduct before June 8, 2016, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 202–217, 219, 351–356). | **Agree** that all pre-contract formation conduct that predates June 8, 2018, is dismissed as untimely. <br><br> **Agree** that all post-contract formation conduct that predates June 8, 2016, is dismissed as untimely. <br><br> **Agree** that limited post-contract formation conduct between June 8, 2016, and April 1, 2020, is timely, but **disagree** on viability because SAC ¶¶357-365 do not plausibly assert a § 1981 claim. *See* Dkt. 97 at 15-25. |
| **Count II: § 1982 Sale/Leasing Discrimination** <br><br> Claim added through SAC, filed 12/16/2022.[17] Dkt. 79. <br><br> Pre-/post-formation: 2-year statute of limitations. Dkt. 131. | Survives for alleged post-contract race discrimination after June 8, 2018, leading to 2020 forced exit. (SAC ¶¶ 169–206, 202–217, 219, 357–365). <br><br> Discriminatory conduct before June 8, 2018, cannot state a claim to relief, and can only serve as background evidence in support of a timely claim. (SAC ¶¶ 202–217, 219, 351–356). | **Disagree** on the application of a 4-year statute of limitations. *See* Dkt. 131. <br><br> **Also disagree** on viability because conduct that predates December 16, 2020, is time-barred based on system exit date and should be dismissed. *See* Dkt. 97 at 23-26. |

---

[17] Plaintiffs contend that the relation back doctrine applies, such that all allegations in support of Count II within the statute of limitations are timely, beginning June 8, 2015, for the original plaintiffs. Defendants disagree. *See supra*, at n. 4, and n. 5.

| | | |
|---|---|---|
| **Count III: Fraudulent Concealment**<br><br>First alleged in SAC, filed 12/16/2022.[18] Dkt. 79.<br><br>5-year statute of limitations. *See* 735 ILCS 5/13-215. | No ruling in *McPherson*.[19]<br><br>Otherwise survives for alleged concealment after June 8, 2015. (SAC ¶¶ 156–178). | **Disagree** on viability because conduct that predates December 16, 2017, is time-barred and should be dismissed as untimely.<br><br>**Also disagree** on viability because SAC ¶¶356-365 fail to plead with particularity. *See* Dkt. 97 at 27-36. |

[18] Plaintiffs contend that the relation back doctrine applies, such that all allegations in support of fraudulent concealment within the five-year statute of limitations are timely, beginning June 8, 2015, for the original plaintiffs. Defendants disagree. *See supra*, at n. 4, and n. 5.

[19] Plaintiffs limited their submission to claims addressed in *McPherson*, consistent with the Court's directive to "address whether the allegations are timely in light of *McPherson*." *See* Dkt. 132, at 1. Defendants disagree with this approach. *See* Dkt. 132 ("the parties must address, on a plaintiff-by-plaintiff and count-by-count basis, the allegations of the complaint").

Dated: June 22, 2026      Respectfully submitted,

/s/ James L. Ferraro

James L. Ferraro
Daryl Parks
Natalia M. Salas
THE FERRARO LAW FIRM, P.A.
Brickell World Plaza
600 Brickell Avenue, 38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222
jferraro@ferrarolaw.com
dparks@ferrarolaw.com
nsalas@ferrarolaw.com

William R. Fahey, Esq.
COONEY & CONWAY, PC
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Telephone: (312) 236-6166
bfahey@cooneyconway.com

*Counsel for Plaintiffs*

/s/ Amy C. Andrews

Patricia Brown Holmes
Amy C. Andrews
Mary A. Laird
Nathan A. Shine
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 741-8700
pholmes@rshc-law.com
aandrews@rshc-law.com
mlaird@rshc-law.com
nshine@rshc-law.com

Ariel Schepers Wilson
Riley Safer Holmes & Cancila LLP
2723 S. State Street, Suite 150
Ann Arbor, Michigan 48104
(734) 773-4900
awilson@rshc-law.com

*Counsel for McDonald's USA, LLC and McDonald's Corporation*