**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MANNING, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>McDONALD'S USA, LLC, et al.,<br><br>*Defendants*. | ) | Case No. 1:20-cv-05132<br><br>Hon. Judge Steven C. Seeger<br><br>**Jury Trial Demanded** |

**PLAINTIFFS' MOTION TO AMEND TO**
**DISMISS REMAINING CLAIMS WITH PREJUDICE**

Plaintiffs, by their attorneys, respectfully submit this motion to amend their complaint under Rule 15(a)(2) to dismiss with prejudice the remaining 16 breach-of-contract claims that were not previously dismissed from this case by the Court's decision resolving motions to dismiss, Doc. No. 74, stating in support as follows:

1. This Court has dismissed with prejudice all claims of 32 Plaintiffs in this case and all claims of the remaining 16 Plaintiffs, except for one Illinois-law claim that McDonald's breached section 3 of these 16 Plaintiffs' franchise agreements when it denied them rent relief and other financial assistance. See Doc. No. 74. In particular, the section 3 breach-of-contract claims that survived the motion to dismiss were alleged by Christine Crawford (Doc. No. 74 at 23), Delores Crawford (*id.* at 26), Keith Manning (*id.* at 29), Robert Bonner (*id.* at 37), Larry Brown (*id.* at 40), Glenda Claypool (*id.* at 51), Juneth Daniel (*id.* at 54), Jacqueline George (*id.* at 61), Anthony George (*id.* at 62), Al Harris (*id.* at 66), Kristen Harris (*id.* at 69), Serge Tancrede (*id.* at

109), Karen Tancrede (*id.* at 110), Gordon Thornton (*id.* at 112), Ronnie Thornton (*id.* at 114), and William "Pete" Washington (*id.* at 117) (collectively, the "16 Plaintiffs").

2. The 16 Plaintiffs wish to voluntarily dismiss with prejudice the remaining section 3 breach-of-contract claims, so that this Court's motion-to-dismiss decision is final within the meaning of 28 U.S.C. § 1291 and can be immediately appealed.

3. Defendants McDonald's USA and McDonald's Corporation have not answered the complaint, and in the past in this Circuit and in many other courts Plaintiffs would have just filed a notice dismissing these claims pursuant to Rule 41(a)(1)(A)(i). But it is unclear whether the current version of Rule 41(a)(1) permits the 16 Plaintiffs to file a notice that they are voluntarily dismissing the remaining section 3 breach-of-contract claims. Compare *Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015) (Rule 41(a)(1) may be used only to dismiss the action, not claims), with *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 559 (7th Cir. 2021) (Rule 41(a)(1) may be used to dismiss all remaining claims against a particular defendant); *see generally Interfocus Inc. v. Hibobi Tech. Ltd.*, No. 1:22-CV-2259, 2023 WL 4137886, at *7 (N.D. Ill. June 7, 2023) (discussing this gap in the Rule and the attendant confusion). To the extent that Rule 41 permits such a notice in these circumstances, this is that notice.

4. Otherwise, as *Taylor* instructs, Plaintiffs hereby move, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend their allegations to remove the 16 Plaintiffs' remaining section 3 breach-of-contract claims from the case. As with Rule 41(a)(1), this consented-to amendment under Rule 15(a)(2) should essentially be self-executing, such that the Court can deem the 16 Plaintiffs' remaining section 3 breach-of-contract claims dismissed with prejudice, which will

render the Court's motion-to-dismiss decision final. *Cf. Aberdeen Devs., LLC v. Wells Fargo Bank, Nat'l Ass'n*, No. 1:23-CV-14279, 2025 WL 4744380, at *1 (N.D. Ill. Mar. 24, 2025).[1]

5. Plaintiffs conferred with Defendants to obtain their consent to this amendment before filing, and they did not consent, and so this motion is necessary. Fed. R. Civ. P. 15(a)(2) (requiring either "the opposing party's written consent or the court's leave"). Rule 15 requires the Court to grant leave to amend freely when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). There is no question that dismissing with prejudice the remaining claims will not prejudice Defendants in any way, particularly given that they have not even answered, and justice requires that Plaintiffs be permitted to remove claims from the case that they no longer wish to pursue, so that they can seek appellate review of this Court's decisions on motions to dismiss.

6. At bottom, the dismissing Plaintiffs have elected to give up certain peripheral claims because they have unanimously decided that it better serves their interests to move forward toward an appellate adjudication of their respectful disagreement with the Court's decision to dismiss their primary claims. Plaintiffs have a compelling interest in a timely resolution of those primary claims, particularly given the long delay in the case so far. Defendants' decision to withhold their consent to getting "something for nothing" is not well taken, and it should not be rewarded.

[1] Alternatively, this Court could order the filing of a new complaint with the 16 Plaintiffs' remaining section 3 breach-of-contract claims removed, to which the Court's already entered decision on Defendants' motion to dismiss would apply with complete force, resulting in the immediate dismissal of that amended complaint, but that approach is contrary to the notion that parties should not replead dismissed claims just for the sake of preserving them. *E.g.*, *Unilever United States, Inc. v. Johnson Controls, Inc.*, No. 1:16-CV-01849, 2017 WL 3311038, at *1 (N.D. Ill. Aug. 2, 2017).

WHEREFORE, Plaintiffs respectfully request that this Court grant leave for the Plaintiffs to amend their pleadings to dismiss with prejudice the 16 Plaintiffs' alleged claims that Defendants breached section 3 of the franchise agreements, which survived the motion to dismiss.

Dated: October 8, 2026

RESPECTFULLY SUBMITTED,

**KENNETH MANNING, ET AL.**

/s/ Steve Art
*One of Plaintiffs' Attorneys*

Jon Loevy
Dan Twetten
Steve Art
Quinn Rallins

Loevy & Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900
jon@loevy.com
dan@loevy.com
steve@loevy.com
rallins@loevy.com

**CERTIFICATE OF SERVICE**

I, Steve Art, an attorney, hereby certify that on October 8, 2026, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Steve Art
*One of Plaintiffs' Attorneys*