**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH KING, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:20-CV-05132 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger, |
| | ) | District Judge |
| MCDONALD'S USA, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF ATTORNEY STEVE ART**

In response to the Court's order of November 2, 2026, in the above-captioned matter, Doc. No. 146, attorney Steve Art and Loevy & Loevy provide the following statement:

1. Undersigned counsel begins with the good news: The filing issue identified by the Court was not undertaken in bad faith or with any nefarious intent. The Court understandably had concerns about the filing of a motion to dismiss in a case where the undersigned counsel does not represent any party, but the situation involved nothing more than an administrative error. It was, in short, an accident. Counsel explains as follows.

2. The undersigned counsel represent the 48 plaintiffs who are now the plaintiffs in *Manning, et al. v. McDonald's USA, LLC, et al.*, No. 23 C 210 (N.D. Ill.) (the "*Manning* Plaintiffs").

3. The undersigned counsel appeared in this case, which is now captioned *King, et al. v. McDonald's USA, LLC, et al.*, No. 20 C 5132, only for those plaintiffs who are now the *Manning* Plaintiffs, Doc. No. 71, and they filed a second amended complaint only for the *Manning* Plaintiffs, Doc. No. 79, whereupon the *Manning* Plaintiffs were severed into a separate case, Doc. No. 83.

4. After the cases were severed, the undersigned counsel and all attorneys at Loevy & Loevy ceased to represent any plaintiff under this case number. However, having previously appeared in the manner described above, counsel retained the administrative ability to file electronically under the *King* case number in the CM/ECF system.

5. Unfortunately, when the undersigned counsel was preparing the *Manning* Plaintiffs' motion to dismiss remaining claims in that case (which was ultimately filed as document number 76 in *Manning*), he failed to notice that the case number on the caption was incorrect (it was the case number for *King*, not the case number for *Manning*). As a result, when the finished motion was sent to Loevy staff for filing, it was filed using the *King* case number, which was only possible because of the CM/ECF status of the undersigned counsel, discussed in paragraphs 3 and 4, above. To be clear, the undersigned counsel was the person who caused the error (not the staff who did the filing), and he accepts full and sole responsibility for creating the problem.

6. Almost immediately after the filing, the undersigned counsel identified the error and sent an email to the Court's courtroom deputy and all counsel. Counsel's email asked for the erroneous filing to be stricken. *See* Exhibit A.

7. The undersigned counsel apologizes for his scrivener's error and the resulting erroneous filing of the *Manning* motion in the *King* case. All of us at Loevy & Loevy are committed to not causing unnecessary confusion, and will redouble our efforts to avoid similar problems in the future.

8. Although the undersigned counsel have not appeared for any plaintiff in the *King* action, as ordered by this Court we are separately filing a withdrawal motion on the *King* docket—in hindsight an overdue step—making clear that no Loevy attorneys represent any *King* Plaintiff,

so that all Loevy attorneys can be terminated as counsel with CM/ECF filing credentials in the *King* case.

9. We hope this resolves the Court's concerns but we stand ready to answer any additional questions the Court may have.

DATED: November 5, 2026

RESPECTFULLY SUBMITTED,

By: /s/ Steve Art

Jon Loevy
Dan Twetten
Steve Art
Loevy + Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com